## Chicago Fire Brick Company v. General Roofing Manufacturing Company.

CONTRACT—*what does not destroy mutuality of.* A provision of a contract by which a party retains the option for a stipulated period to withdraw therefrom does not destroy its mutuality, and the contract becomes effective and binding upon the expiration of such stipulated option.

Mechanic's lien proceeding. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

KEEFE & SULLIVAN, for appellant.

WISE & MCNULTY, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellant filed a bill in the City Court of East St. Louis to establish and enforce a lien for building tile and other material sold and delivered to appellee and by it used in the construction of a building on the premises described in the bill. The complainant alleged that on or about December 2, 1904, the defendant entered into a contract with complainant, whereby complainant agreed to furnish the material of the kind and at prices specified in the bill, for which the defendant agreed to pay. It is further represented that pursuant of said contract and upon orders made from time to time by the defendant, complainant shipped and delivered material amounting in all to the sum of $1,227 and that the payments made by the defendant aggregated $520, leaving balance due complainant the sum of $707. The defendant

answering admits the making of a contract with complainant which is evidenced by a writing set out in the answer as follows:

"East St. Louis, Ill., Dec. 2, 1904.

Chicago Fire Brick Co.,

         Chicago, Ill.

Dear Sirs: Confirming verbal arrangement with your Mr. Spencer, we hereby place our order for your heavy Hollow Building Blocks 8x8x16 glazed weighing about 36 lb. each at price 8¢ each f. o. b. East St. Louis. We will use sufficient number of these to erect a building according to the plans shown Mr. Spencer, and according to our estimate approximately about 12,000 blocks. Our order will also include about 2,300 partition blocks 12x12x6 at price of 5½¢ per block f. o. b. E. St. Louis. It is understood that you will furnish the requisite number of corner blocks and fractional size blocks to complete our building in a good and proper manner, according to plans shown Mr. Spencer. The price on the fractional and corner blocks to be on basis of above prices, that is, a half block will cost half above price and a quarter block one-quarter price, etc.

"It is further understood that you will furnish a reputable contractor, who will be a strictly responsible mason, to lay these tiles in the building, he to furnish all material necessary, except the tile, to complete the job and all necessary labor, which shall be union or of such nature that it will not cause any conflict here with the local union on the rest of the work. Such labor and materials to be furnished at his expense and all the work to be done by him in accordance with the instructions to masons on page 17 of your circular left with us by Mr. Spencer and in a good and workmanlike manner, we to pay him 3½¢ each for laying all full size tiles above ordered, the fractional blocks being charged for on the basis of 8x8x16, that is, the half block will cost only half as much for laying as a full block and a quarter block as much, etc. You guarantee the wall to stand fire and weather, at least as well as a brick wall of equal thickness and the wall will stand intact for at least five years. He to do this work promptly upon notification by us that the material is here, and finish the work as quickly as the weather will permit. We agree to furnish one round-trip ticket for

his transportation here and back to Chicago. Terms one-half cash for all the material as soon as it is on the ground and the balance on completion of the work by your contractor as above specified.   Very truly yours,

GENERAL ROOFING MFG. CO.,

Dic. G. M. B.          (Per Geo. M. Brown, President.)

"P. S.   We reserve the right to cancel this order not later than next Tuesday in case we find that we are unable to get a satisfactory carpenter contractor to do the balance of the work in a satisfactory way and are compelled to let the work to a general contractor who objects to using your goods in the work at a satisfactory price.   It is understood that as soon as we notify you that everything is all right you will make immediate shipment of at least half the goods.

G. M. B.

GEO. M. BROWN.

Accepted.   Chicago Fire Brick Co.   R. T. Spencer."

Defendant claims that under the terms of the contract complainant was to furnish a contractor to construct the walls of the proposed building with the tile furnished and to see that the work was properly done, and claims in recoupment of damages, $60 paid for pointing walls, $250 paid in making the building weather-proof, and $51 for delay in furnishing a man to do the work as required by the contract.   A general replication was filed and the cause heard by the court which rendered a decree finding that there was due the complainant, after deducting payments made, for building blocks furnished, the sum of $490.75, at the time of filing the bill.   And as against this sum the court allowed to the defendant, in recoupment or set-off, items claimed, aggregating $418, leaving as balance due the complainant the sum of $72.73, and decreed that complainant was entitled to a lien upon the premises for the sum of $72.73 with interest at 5 per cent from June 25, 1906, and costs of suit, including $25 for complainant's solicitor's fees.   Complainant appealed to this court, assigning a number of errors, the one chiefly relied upon being that the court erred in decreeing that the defendant was entitled to recoup $418, or any sum, from the amount due the complainant.

Whether or not the decree should be reversed depends upon the contract between the parties.   If the trial court was right in its construction and finding as to the contract, the decree should be affirmed, for upon an examination of the evidence we think the conclusions reached as to the facts and the allowance made the appellee in recoupment, were justified by the evidence, and we find no prejudicial error in the court's rulings upon the admission and exclusion of evidence.   Appellant contends that the letter or order of December 2, 1904, set out in the answer, does not in itself constitute a contract, and standing alone may not be considered as the agreement between the parties.   We cannot agree with appellant in this contention.   The instrument, order or letter, whichever it may be termed, clearly amounts to a proposition based upon verbal negotiations between the duly authorized representatives of the two companies, appellant and appellee.   The proposition and acceptance are in writing duly signed, in duplicate, each party retaining a copy.   Nothing further was needed to complete a contract mutually binding upon the parties and sufficiently clear and definite to warrant the construction claimed by appellee and given to it by the court respecting the obligation of appellant "to furnish a reputable contractor, who shall be a strictly responsible mason, to lay these tile in the building, he to furnish all material necessary, except the tile, to complete the job and all necessary labor,   *   *   *   such labor and materials to be furnished at his expense and all the work to be done by him in accordance to instructions to masons on page 17 of your (appellant's) circular left with us by Mr. Spencer and in good workmanlike manner, we to pay him 3½¢ each for laying full sized tile above ordered," etc. Appellant was to furnish the contractor, to lay the tile in a good and workmanlike manner, according to appellant's instructions, and at a specified price to be paid by appellee, and it is specially guaranteed by this writing that the walls are to "stand fire and weather as well as a brick wall of equal thickness."   Appellee claims damages caused by the failure of appellant to furnish the contractor and lay the tile in a

good and workmanlike manner so that the walls should be weather-proof as required and guaranteed by the contract. And, as already stated, we cannot say that the decree is against the weight of the evidence upon which the court made its findings and allowance for damages.

On December 6, 1904, appellee wrote to appellant:

"Referring to our letter of the 2d inst. Please send promptly C. L. of 8x8x16 tiles, putting in the proper proportion of corner blocks and fractional sizes, and a couple of days later send forward the second car. The partition tiles, 12x12x6 should not be shipped at once, as may increase the amount of that tile. When we get exact figures will let you know. According to present estimate we will be ready for you to begin laying tile about the middle of next week. Will let you know when tile is on the ground and everything is ready. We inclose card from Mr. Gillespie, who met Mr. Spencer when he was here. He asked us to inclose the card, and asks you to write to him in regard to laying the tile. He thinks he could do the work for you. We, of course, have nothing to say about who lays the tile, the only requirement being that he does a first class job, and only ask you to see that he takes special pains with this work, to give us a nice job, and after it is up we will be glad to have you refer us to anybody in this section, and we will be glad to take some pains to show them the work you have done for us. We are counting on being able to say the work has been beyond our expectations. Let us know how many tiles you will ship in a car, so we can arrange for cars to be unloaded. We hope to get lintels and sills in second car."

To this appellant replied, December 7:

"Mr. G. M. Brown, Pres. General Roofing Mfg. Co., E. St. Louis, Ill.

Dear Sirs: We are in receipt of your valued favor of the 6th inst., asking us to send forward promptly a car load of 8x8x16 cross web glazed heavy tile, putting in proper proportion of corner blocks and fractional sizes, and thank you for the same. We have entered this car order for prompt delivery, and same will probably be forwarded not later than the 9th inst. We note that you state that the partition tile

12x12x6 should not be shipped at once. We beg to advise that, as our Mr. Spencer informed you, we have not the desired number of these 6-inch tile in stock at our factory, and consequently will have to be made up, which will take approximately ten days. We have therefore instructed the factory to proceed with the manufacture of approximately 3,000 square feet, so there will be no delay in the matter. If this quantity is to be increased, same can be readily attended to within next few days. We wish to say that your letter is somewhat ambiguous as regards contractor for laying the tile. As per verbal agreement made with our Mr. Spencer, it is understood that we are to furnish sufficient 8x8x16 plain glazed cross web hollow building blocks, weighing about 36 pounds each, at price of 8 cents each f. o. b. E. St. Louis, and sufficient number of 12x12x6 semi-porous partition tile at price of 5½ cents each f. o. b. E. St. Louis. It is also understood that we are to furnish the requisite number of corner blocks and fractional size blocks to complete building according to plans, and for windows sills, lintels, etc. The price on fractional corner blocks to be on basis of above price; that is, one-half blocks to cost one-half the above price and one-quarter blocks one-quarter the above price. It is also understood that we will furnish you a reputable contractor who shall be a strictly responsible mason, to lay the tile in the building according to the instructions contained in your letter of December 2d, it being understood, however, that the contract for laying these tiles rests with your company and the contractor whose name we give you. The point is, we are to furnish the contractor's name who is familiar with this line of material, and can lay same at price of 3½ cents per block, in conformity with the instructions in your letter, but as to his work we have no supervision. We feel confident that this is your understanding in the matter. Thanking you for the order, we remain,

Yours very truly,<br>
CHICAGO FIRE BRICK CO., W. J. Gilbert, Mgr."

In the letter of December 6 we have the appellee's construction of the contract respecting a contractor to lay the tile and by the letter of December 7, a modified version claimed by appellant. Counsel contend that the accepted

order of December 2 should be treated as a proposition not effective or binding upon appellant until accepted; and that the letter of December 7 is to be taken as a qualified acceptance only, and that the qualification or limit of its liability respecting the contractor should be held to have been accepted by the appellee by reason of its subsequent silence and failure to repeat its interpretation of the contract. This contention is untenable. The contract was executed and in force December 2 and was and is to be construed by what the parties then agreed to and undertook. Nor does the postscript provision of the contract, by which appellee reserved the right to cancel his order and withdraw from the contract until the following Tuesday—four days—render it void for want of mutuality. The option feature had expired before the letter of December 7 and before any claim of a mutual right to cancel the contract was asserted by appellant, even if it had such right during the four days' limit.

Appellee assigns cross-errors and contends that the bill ought to have been dismissed for want of equity because appellant did not perform and complete the work according to the terms of the contract. Appellee finished the walls, accepted and went into possession and in its answer to the bill recoups damages intended and supposed to compensate for appellant's failure in performance. Under these circumstances and the issue made by the pleadings, the question was whether or not appellee was indebted to appellant under the contract and in what sum, if any. For the balance found due, $72.73, appellant was entitled to a lien. Upon the whole substantial justice has been done and the decree will be affirmed.

*Affirmed.*