Locke and another, Respondents, v. Bort, Appellant.

*May 4—June 7, 1960.*

For the appellant there was a brief and oral argument by *Crosby H. Summers* of Janesville.

For the respondents there was a brief by *Arnold, Caskey & Collins* of Beloit, and *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Jacob Geffs* and *E. J. Caskey.*

CURRIE, J.  The issue presented by this appeal is whether the wording, "when . . . terms of financing balance of purchase price agreeable to purchaser have been arranged not to exceed thirty days from date of this agreement," constitutes a condition precedent or a mere method of fixing time for payment of the balance of the purchase price.

Restatement, 1 Contracts, p. 359, sec. 250 (a), recognizes conditions precedent in contract law, and states that, when such a condition is provided, the fact upon which the condition is based must occur "before a duty of immediate performance of a promise arises," unless the same has been excused.  The insertion of a condition precedent in a contract does not render the same void but only delays the enforceability of the contract until the condition precedent has taken place.  *Biggs v. Bernard* (1954), 98 Ohio App. 451, 130 N. E. (2d) 152, 156.

In determining whether the instant clause constitutes a condition precedent to Bort's obligation to pay the purchase price "the essential thing is for the court to look at the contract from the standpoint of the parties at the time they executed it, and the purpose they had in view in doing so." *Hawkins & Chamberlain v. Mathews* (1932), 242 Ky. 732, 47 S. W. (2d) 547, 548.  3 Williston, Contracts (rev. ed.), p. 2246, sec. 799, states such principle as follows:

"In each case, the intention of the parties to make the debt contingent or otherwise, must be gathered from the

language used, the situation of the parties, and the subject matter of the contract, as presented by the evidence."

It is sometimes stated that there is a presumption against a contract clause being construed as a condition precedent. However, 3 Corbin, Contracts, p. 531, sec. 635, states that such presumption will not often be decisive, and declares:

"Such a presumption does not relieve the court of the necessity of interpretation; and the process of interpretation will usually be decisive without making use of this presumption."

The fact that clauses similar to the one before us fail to employ the usual words denoting a condition such as "subject to" or "if" is not controlling. The clauses before the courts in *Hawkins & Chamberlain v. Mathews, supra,* and *Biggs v. Bernard, supra,* did not contain such words of condition, but nevertheless were held to state a condition precedent.

The clause in *Hawkins & Chamberlain v. Mathews, supra,* specified a $9,000 purchase price payable as follows (p. 734): "At least $1,500 plus an amount of not less than $6,000, obtained on loan in a building association secured by a first mortgage, to be paid in cash; balance evidenced by notes bearing interest at six per cent per annum, payable within two years, $600 or more of which is to be payable within one year." The purchasers were unable to obtain a mortgage from a building association, and the Kentucky court permitted the purchasers to recover their $500 down payment on the theory that the obtaining of the loan was a condition precedent.

In *Biggs v. Bernard, supra,* the contract for the sale of real estate contained this clause: "This sale to be consummated as soon as purchasers complete the sale of their property at 749 So. Westwood Avenue." The plaintiffs in that case were real-estate brokers who sued the defendant

seller for their real-estate brokers' commission. The court held that the clause constituted a condition precedent, but that nevertheless the plaintiffs might still be entitled to their commission. Therefore, a judgment on the pleadings in favor of the defendant was reversed and the cause remanded for a trial to determine what the facts were.

A case in which the financing clause was held not to state a condition precedent is *Noord v. Downs* (1958), 51 Wash. (2d) 611, 320 Pac. (2d) 632. In that case the earnest-money agreement imposed an unconditional liability upon the purchaser to pay the balance of the purchase price with the penalty for nonperformance being the forfeiture of the earnest-money payment. Such earnest-money payment was a $1,000 note signed by the purchasers, which was payable on demand "on approval of loan to mortgagor by Lincoln Federal Sav. for purchase of home at 3037 – 29th Avenue W., Seattle, Wn." The sellers brought action on the note and the purchasers defended on the ground that their obligation to pay it was conditional. The purchasers had been unable to secure the mortgage loan although, at the time of signing the note and agreement, they had assured the sellers that there was no question but that such financing would be forthcoming. The court held that the terms of the note as contrasted with the unconditional agreement to purchase created at least an ambiguity which justified an inquiry into the surrounding circumstances. Stress was laid upon the purchasers' assurances that the mortgage loan was sure to be forthcoming as indicating that they did not consider there was anything contingent about the purchase. The trial court's finding, that the quoted clause in the note was intended merely to fix a convenient time of payment, was upheld. The court quoted with approval from an opinion of one of the California courts of appeal which embodied a quotation from 3 Williston, Contracts (rev. ed.), p. 2246, sec. 799, as follows:

"If, . . . they [the parties] intend that the debt shall be absolute, and fix upon the future event as a convenient time for payment merely, . . . then the debt will not be contingent; and, if the future event does not happen as contemplated, the law will require payment to be made within a reasonable time."

This court has had before it financing clauses in real-estate contracts of sale in the recent cases of *George v. Oswald* (1956), 273 Wis. 380, 78 N. W. (2d) 763, and *Kovarik v. Vesely* (1958), 3 Wis. (2d) 573, 89 N. W. (2d) 279.

In *George v. Oswald, supra* (p. 382), the clause provided that the last $10,000 of purchase price was to be paid "on the day of closing of the sale of the buyers' home at Oconomowoc, Wis., which should take place in about ninety days." Before the ninety days had elapsed the purchasers repudiated the contract. There was no showing made that the buyers' home could not have been sold within such period. Because of the repudiation it was unnecessary for this court to decide whether such clause imposed a condition precedent. However, the contract there contemplated a closing of the sale and a passing of title before the last $10,000 of purchase price was paid. In such a situation, where a change of possession is to take place prior to the time specified for the alleged conditional performance by the purchaser, a court would be much more likely to hold that the clause merely fixed time of payment. This is because it would seem highly improbable that the parties would permit a change of possession if the purchaser's ultimate performance were intended to be conditional.

The wording of the clause in the contract before us in *Kovarik v. Vesely, supra,* clearly stated a condition precedent. The point of disagreement between the majority and dissenting opinions was whether such condition precedent had been fulfilled.

The problem of construing such financing clauses is discussed in footnote 10 of Professor Aiken's article entitled, " 'Subject to Financing' Clauses in Interim Contracts for Sale of Realty," 43 Marquette Law Review (1960), 265, 271. In such footnote the author states:

"It is difficult to perceive, except in cases involving waiver of the condition by purchaser, how a reference to uncertain purchase-money financing could be intended as anything but a conditioning of the obligation."

It is apparent from a reading of the memorandum decision of the learned trial court in the instant case that he resolved the issue of construction as one to be determined solely by the language of the contract without resort to any evidence of the surrounding circumstances. The controlling factor, in the trial court's arriving at the conclusion that no condition precedent was stated, was held to be the printed clause which provided for retention by the seller as liquidated damages of any amount paid by the purchaser in the event the purchaser "shall fail to pay the balance of said purchase price." We deem that this entirely begs the question because the words "fail to pay" necessarily imply a wrongful failure on the purchaser's part. For example, if the seller failed to tender a deed conveying merchantable title, there would be no duty on the part of the purchaser to pay the balance of the purchase price, and, although the contract is silent on this point, the seller in such contingency would have no right to enforce the note given as a down payment.

This appeal comes to us without any express finding of fact by the trial court as to what was the intention of the parties with respect to the financing clause inserted by the purchaser Bort before either party executed the contract. We have given consideration to remanding the cause to the trial court to make such finding, but have concluded that under the great weight and clear preponderance of the evi-

dence the financing clause must be construed as stating a condition precedent and not intended merely to fix the time of performance.

Niemann, who was acting as the seller's agent at the time the clause was inserted by Bort, knew that the wording of the clause had been suggested by Bort's brother after Bort had sought his brother's advice over the phone as to how Bort could protect himself. This inevitably leads to the conclusion that the words *"agreeable to purchaser"* import some legal significance in functioning to protect Bort's interests. If the inserted clause was only intended to serve the purpose of fixing the time of closing, these words, *"agreeable to purchaser,"* were entirely superfluous.

Counsel for the respondent plaintiffs argue that this idea of protecting Bort was in the nature of an undisclosed intention on Bort's part of which Mrs. Donato had no knowledge. They also point to the fact that Bort a week before had told Mrs. Donato that he would be able to raise the cash from his insurance business or an inheritance, and contend that she had a right to rely on the same when she signed the acceptance of the offer to purchase. This argument overlooks the fact that Niemann was acting as her agent in negotiating the deal and any knowledge he had as to the purpose of the inserted wording was binding upon her.

Because the clause in question stated a condition precedent with respect to Bort's obligation to pay the purchase price, which condition was not fulfilled, the plaintiffs are barred from enforcing the note given as a down payment.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.