BOULEVARD BUILDERS, INC., Appellant, v. SNYDER and wife, Respondents.*

*April 4—May 2, 1961.*

* Motion for rehearing denied, with $25 costs, on June 27, 1961.

For the appellant there was a brief by *Camp & Camp* of Wauwatosa, and oral argument by *Mark M. Camp*.

For the respondents there was a brief by *Burlingame, Gibbs & Roper* of Milwaukee, and oral argument by *Richard S. Gibbs*.

DIETERICH, J.   The contract between the plaintiff and defendants was in writing dated March 13, 1958, and was drafted in the form of an offer to purchase by William G. Snyder and Doris L. Snyder with an acceptance of such offer by Boulevard Builders, Inc., both offer and acceptance being incorporated in one document upon a printed form No. 994 by the Wisconsin Legal Blank Company as revised September 22, 1955, in which the material provisions of the agreement were typed in the instrument.   The purchase price was stated to be $30,200 with $300 down, $9,900 in cash, and the "balance by purchase-money mortgage at time of closing." The following special condition appeared in the body of the offer to purchase:

"This offer is subject to the buyers' obtaining financing, if not down payment shall be returned."

The controversy turns upon the construction and application of the foregoing clause of the contract.

After trying unsuccessfully to get a loan for $20,000, the Snyders were told by Mr. Heise, the president of the plaintiff corporation, to apply for a mortgage loan from the First Federal Savings & Loan Association.   The First Federal held

a mortgage on the real estate. Upon the advice of Mr. Mangan, the loan officer of the First Federal, to increase the down payment, the defendants applied for a loan of $18,900, although they needed $19,900 to complete the transaction. They had $10,000 and the testimony reveals that they would endeavor to get the additional $1,000 from Mrs. Snyder's father as soon as he returned to the city of Milwaukee.

On April 4, 1958, a preliminary report was issued by Title Underwriters, Inc. Among other things, the report stated that title was vested in Boulevard Builders, Inc., and that the loan commitment in the amount of $18,900 was accepted. The closing date was set for April 16, 1958. On April 14, 1958, defendants notified the plaintiff in writing they would be unable to complete the purchase of the property because the necessary financing was not available. On April 16, 1958, the date set for closing the transaction, Dr. Snyder was present at the meeting and again stated that he was not going to close the deal because he could not obtain the necessary financing.

After April 16, 1958, the plaintiff made an effort to sell the premises. On April 18, 1958, attorneys for the defendants wrote to the plaintiff that the contract between the parties was terminated because the necessary financing was not available and demanded return of the down payment. On May 5, 1958, plaintiff wrote defendants informing them that plaintiff had an offer for $28,500 and giving defendants five days to consummate their transaction or the second offer would be accepted and the defendants held liable for damages. Again, on May 6, 1958, the Snyders told plaintiff they would not be buying the property. On May 6, 1958, plaintiff received a written offer on the property and accepted it.

Plaintiff contends that the terms of the financing are not spelled out in the purchase agreement and this disqualified

the offer as a sufficient memoranda under the statute of frauds, but since a subsequent application for financing in writing at the First Federal Savings & Loan Association was made, the subsequent application may be resorted to for the purpose of satisfying the statute of frauds and supplying the missing terms. It further contends that defendants waived their right to insist upon the condition of procuring of a mortgage in the sum of $20,000 by making application to First Federal for a loan in the sum of $18,900. These contentions have no merit.

It is apparent from the record that prior to signing the purchase agreement the defendants discussed with Mr. Heise, plaintiff's president, the subject of financing the transaction. The parties understood that the amount of the financing was the difference between the purchase price of $30,200 and the amount of $10,200 to be paid in cash, under the purchase agreement. After making application for a mortgage for $18,900, it was clearly understood by the parties that the transaction was contingent on defendants' procuring the balance from Mrs. Snyder's father. This balance was never obtained and defendants were unable to obtain financing which was a condition of the offer.

The trial court found that the condition precedent for the obtaining of financing by the Snyders was not satisfied and therefore the contract was unenforceable as to them and that the Snyders were entitled to rescind and did rescind the contract.

The controlling clauses in the contract use the following words, *"subject to* the buyers' obtaining financing" and *"if not."* These are the usual words used in creating and stating a condition precedent. The offer was subject to obtaining financing with the proviso, "if not down payment

shall be returned." These words by their natural import give the defendants the right to terminate the contract and get their money back if they were unsuccessful in obtaining the necessary finances. *Locke v. Bort* (1960), 10 Wis. (2d) 585, 103 N. W. (2d) 555, and *Fun-N-Fish, Inc., v. Parker* (1960), 10 Wis. (2d) 385, 103 N. W. (2d) 1.

In discussing these principles, 3 Williston, Contracts (rev. ed.), p. 2246, sec. 799, states:

" 'In each case, the intention of the parties to make the debt contingent or otherwise, must be gathered from the language used, the situation of the parties, and the subject matter of the contract, as presented by the evidence.' "

The financing clause contained in the contract states a condition precedent with respect to the Snyders' obligation to purchase the real estate in question. The condition was not fulfilled and the defendants were entitled to rescind the contract and recover their down payment, in the amount of $100, as stipulated between the parties.

The findings of the trial court being supported by a preponderance of the evidence, the judgment is affirmed.

*By the Court.*—Judgment affirmed.