WOODLAND REALTY, INC., Plaintiff-Appellant, v. WINZENRIED, and another, Defendants-Respondents and Third-Party Plaintiffs: KNIGHT, and another, Third-Party Defendants-Respondents.

*No. 75–874. Submitted on briefs January 5, 1978.—*
*Decided February 7, 1978.*
(Also reported in 262 N.W.2d 106.)

For the appellant the cause was submitted on the brief of *Gerard J. Flood* of Elm Grove.

For the defendants and third-party plaintiffs-respondents the cause was submitted on the brief of *Kris M. Klovers* and *Moertl & Wilkins* of Milwaukee.

For third-party defendants-respondents the cause was submitted on the brief of *Phil Elliott, Jr.,* and *Elliott & Elliott* of West Allis.

HANLEY, J. The sole issue presented on appeal is whether Woodland procured a purchaser of the Winzenrieds' residence in accordance with the listing contract so as to entitle it to a broker's commission?

It is a well established rule of law in this state that in order for a broker, who has been employed to procure a purchaser of real estate, to become entitled to his commission, he must produce a person "ready, willing and able to purchase upon the terms specified by the owner in the listing contract." *Rollie Winter Agency, Inc. v. First Central Mortgage, Inc.,* 75 Wis.2d 4, 9, 248 N.W.2d 487 (1976); *Winston v. Minkin,* 63 Wis.2d 46, 51, 216 N.W.2d 38 (1974). This test has been applied in a variety of circumstances in which there have developed a number of additional rules to determine whether the purchaser procured by the broker is ready, willing and able to buy the listed real estate.

For example, in *Wauwatosa Realty Co. v. Paar,* 274 Wis. 7, 15–16, 79 N.W.2d 125 (1956), a case which bears striking factual similarities to the instant case, this court stated:

"[I]f a contract provides that a broker shall be entitled to a commission when he has procured a purchaser ready, willing, and able to buy, then when the broker acts in good faith, and the principal accepts his customer and enters into a *valid and enforceable contract* with him for the purchase of the property, the matter of the customer's ability, readiness, and willingness is no longer open to question." (emphasis supplied).

Thus, to determine whether the broker has earned his commission under the terms of the listing contract, particularly in those cases where the offer to purchase contains a "subject to a financing" clause, it is necessary to determine whether the negotiations between the seller and the buyer have ripened into an agreement which is valid and enforceable.

In *Walter Kassuba, Inc. v. Bauch*, 38 Wis.2d 648, 653, 158 N.W.2d 387 (1968), this court intimated that an "acceptance of the purchaser by the seller is conclusive on the issue of readiness, willingness, and ability." However, this is not so when the offer to purchase, as here, contains a "subject to financing clause." Subject to financing clauses are common and have frequently been construed by this court as constituting a condition precedent to the buyer's performance. *Gerruth Realty Co. v. Pire*, 17 Wis.2d 89, 91, 115 N.W.2d 557 (1962); *Boulevard Builders v. Snyder*, 13 Wis.2d 486, 108 N.W.2d 914 (1961). As such, the condition operates to delay "the enforceability of the contract until the condition precedent has taken place." *Locke v. Bort*, 10 Wis.2d 585, 588, 103 N.W.2d 555 (1960); *Restatement of Contracts*, §250(a) (1932).

In the instant case, the Knights' offer to purchase was clearly and unambiguously conditioned upon securing a first mortgage loan commitment for $25,700 with

interest not to exceed $8\frac{1}{4}\%$ per annum, with a term of not less than 30 years, and with monthly payments not to exceed $193.09 plus a monthly pro rated share of the annual real estate taxes and insurance premium. Thus, the question becomes, ultimately, whether or not the event of securing the loan commitment so described occurred so as to fulfill the condition precedent and to entitle the plaintiff to its commission.

Under the general rules regarding contract law, a condition precedent must be "exactly fulfilled or no liability can arise on the promise which such condition qualifies." 5 Williston, *Law of Contracts*, §675 at 184 (3rd ed. 1961). Although some deviation may be permitted to exist between the terms of the condition and the act or occurrence which purports to satisfy it, the deviation must be found, under the reasoning of the case of *Kovarik v. Vesely*, 3 Wis.2d 573, 89 N.W.2d 279 (1958), not to be a material part of the condition. Here, we are satisfied that the inclusion of an interest rate escalation clause was a material deviation from the terms of the subject to financing provision. We do not, however, hold that all deviations are material.

We conclude that the inability of the Knights and Woodland on their behalf to obtain the specified financing prevented them from becoming ready, willing, and able purchasers, and prevented a valid and enforceable contract. Hence, the sellers were not obligated to pay to broker's commission to the plaintiff.

*By the Court.*—Judgment affirmed.