Kenneth C. NODOLF and Sherilyn L. Nodolf, Plaintiffs-Appellants,†

v.

Phyllis NELSON, Defendant-Respondent,

Phyllis NELSON, Defendant and Third-Party Plaintiff-Respondent,

William HOLMAN a/k/a Bill Holman, d/b/a Hawkeye Realty, Third-Party Defendant-Respondent.

Court of Appeals

*No. 80-1661. Submitted on briefs April 27, 1981.—
Decided July 28, 1981.*
(Also reported in 309 N.W.2d 397.)

† Petition to review denied.

For the plaintiff-appellants the cause was submitted on the briefs of *George S. Curry* and *Kopp, McKichan & Geyer* of Platteville.

For the defendant-respondent the cause was submitted on the brief of *Michael M. Cassidy* and *Schneider Law Office* of McFarland.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. The trial court dismissed the buyer's action against the seller for specific performance of an agreement to sell real estate. The dispositive issue is whether an agreement is enforceable after the buyer obtains financing where the buyer's obligations to perform were conditioned upon his obtaining unspecified financing. We conclude that the agreement is unenforceable.[1] We therefore affirm the judgment dismissing the complaint.

The complaint alleges that buyer and seller entered a farm sale agreement, that the buyer performed the conditions of the agreement and is ready, able and willing to consummate the transaction, and that the seller has refused to perform. The purchase price of $175,000 is payable in $100 earnest money with the offer, $5,000 additional earnest money within thirty days

---

[1] We refer to the buyer in the singular even though the buyer and his wife made the offer which seller accepted.

after acceptance, and the balance on a land contract on specified terms including a $45,000 down payment. The buyer's obligation to conclude the transaction is conditioned as follows: "Above offer is subject to obtaining financing by July 25, 1979." The answer raises several defenses, including failure to notify seller in writing that buyer obtained financing by July 25, 1979.

Both parties moved for summary judgment. The affidavits supporting buyer's motion state that Production Credit Association (PCA) committed itself to lend him $50,000 to make the earnest money deposit and down payment on the land contract, that July 23, 1979 buyer gave seller a $5,000 check by PCA and advised her that he had obtained financing, and that the agreement does not require notice to the seller that the buyer had secured financing. The seller's affidavit supporting her motion states that buyer gave her the $5,000 check July 23, 1979, but did not give her notice before July 25, 1979 that he had obtained financing, and that buyer had deposed that he thought he had a $50,000 line of credit with PCA but did not know the terms of the loan.

The trial court *sua sponte* raised the issue whether the financing clause made the agreement unenforceable, concluded that it did and granted defendant's motion for summary judgment dismissing the action.

A "subject to financing clause" creates a condition precedent to the buyer's performance. *Woodland Realty, Inc. v. Winzenried,* 82 Wis. 2d 218, 223, 262 N.W.2d 106, 108–09 (1978); *Gerruth Realty Co. v. Pire,* 17 Wis. 2d 89, 91, 115 N.W.2d 557, 558 (1962). The condition delays the enforceability of the contract until the condition has been met. *Woodland Realty, Inc.,* 82 Wis. 2d at 223, 262 N.W.2d at 109; *Locke v. Bort,* 10 Wis. 2d 585, 588, 103 N.W.2d 555, 558 (1960).

If the financing clause lacks sufficient definiteness for a court to determine the terms of financing, the entire agreement is unenforceable. *Gerruth Realty Co.*, 17 Wis. 2d at 93, 115 N.W.2d at 559; *Perkins v. Gosewehr*, 98 Wis. 2d 158, 161, 295 N.W.2d 789, 791 (Ct. App. 1980). Here no financing terms whatever are specified. The entire agreement is therefore unenforceable.

The buyer points out that an indefinite contract may acquire precision and become enforceable by virtue of the subsequent acts, words, and conduct of the parties, citing *Restatement of Contracts* sec. 32, comment *c* at 41 (1932). He contends that the agreement acquired definiteness and became enforceable when he acquired financing. Unilateral action by one party, however, is usually insufficient to remove uncertainty. A subsequent action which removes uncertainty usually:

> [R]equires some interpretative conduct by both parties, consisting either of the rendition of some performance by each one or by the willing acceptance by one of them of such a performance rendered by the other. . . . [N]either party can by subsequent action mould an insufficiently expressed agreement to his will by self-serving action or interpretation. . . . 1 *Corbin on Contracts* sec. 101 at 459 (2d ed. 1963).

Neither supporting affidavit suggests that buyer disclosed to seller the terms of the financing.

If the buyer could breathe enforceability into the contract by claiming that the financing condition has been met, the buyer would have an unfettered right to decide whether the condition has been fulfilled. This is true because only the buyer and no court can determine the terms of the financing. That right would render buyer's promise to purchase illusory.

In *Gerruth Realty Co., supra,* the seller brought an action to enforce an agreement to purchase which was

contingent "upon the purchaser obtaining the proper amount of financing." 17 Wis. 2d at 90, 115 N.W.2d at 558. The purchasers contended that the clause gave them the exclusive or absolute option to determine the proper amount of financing. The supreme court said it could not agree with that interpretation of the clause "without holding the contract illusory." 17 Wis. 2d at 95, 115 N.W.2d at 560. *Krause v. Holand,* 33 Wis.2d 211, 217, 147 N.W.2d 333, 336 (1967), held that where an agreement was "[s]ubject to securing a loan by 8/31/64," the contract was illusory, citing *Gerruth Realty Co., supra.*

*Krause, supra,* is consistent with 1 *Corbin on Contracts* sec. 149 at 656–59 (2d ed. 1963), where it is said:

> One who in words promises to render a future performance, if he so wills and desires when the future time arrives, has made no real promise at all. . . . It has been thought, also, that promissory words are illusory if they are in form a promise that is conditional on some fact or event that is wholly under the promisor's control and his bringing it about is left wholly to his own will and discretion. . . .
>
> Doubtless, the words of condition may be so chosen that there remains an unlimited option and totally unrestricted freedom of action. The following seems to be an illustration: A promises to buy B's land if he shall thereafter procure a loan for such purpose from a third party. Here the procuring of a loan is wholly at A's own option; and it is so connected with the buying as to leave the buying also wholly at A's option. . . . (Footnotes omitted.)

The buyer cannot have the exclusive right to determine whether financing has been obtained without rendering illusory his promise to purchase. The fact that he chose to fulfill the financing condition therefore does not cure the unenforceability of the agreement.

*By the Court.*—Judgment affirmed.