Patrick B. Devine, Plaintiff-Respondent,

v.

Herman J. Notter and Marie T. Notter,
Defendants-Appellants.†

Court of Appeals

*No. 2007AP812. Submitted on briefs February 28, 2008.
—Decided May 7, 2008*

2008 WI App 87

(Also reported in 753 N.W.2d 557.)

† Petition to review denied 8/18/08.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Timothy P. Swatek* of *Allen, Harrison, Williams, McDonell & Swatek, LLP* of Lake Geneva.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Brian G. Nuedling* of *Thorpe & Christian, S.C.* of Delavan.

Before Brown, C.J., Snyder and Neubauer, JJ.

¶ 1. BROWN, C.J. Herman J. and Marie T. Notter appeal the circuit court's judgment of specific performance in favor of Patrick B. Devine. The Notters accepted Devine's offer to purchase their property, but then notified Devine ten days before closing that they would not complete the sale. They contend here, as they did in the circuit court, that the "attorney's approval" document that the parties signed rendered the entire contract between them illusory and unenforceable. An illusory promise consists of "words in promissory form that promise nothing." 2 JOSEPH M. PERILLO & HELEN HADJIYAN-NAKIS BENDER, CORBIN ON CONTRACTS § 5.28, at 142 (Revised ed. 1995). Here, the disputed clause gave both parties the opportunity to obtain legal assistance and seek modification of the deal, but only within five days of the signing of the offer. We hold the contract not illusory. The attorney review period was strictly limited in time and, since the time elapsed without objection, we see no reason both parties should not be bound to the contract.

¶ 2. The relevant facts are few and were stipulated in the circuit court. Devine made an offer on residential real property located in the Town of Delavan

and the Notters accepted on May 13, 2005. Among the documents executed by the parties was one titled "Buyers and Sellers Attorney's Approval." It reads in substance as follows:

> This Offer to Purchase is contingent upon buyer(s)/seller(s) attorney's approval of the terms and conditions, other than price, within 5 days of the acceptance of this offer. If buyer/seller does not submit notice of attorney's disapproval within 5 days of the acceptance of this offer, it shall be deemed that there are no conditions to which the buyer(s)/seller(s) attorney disapproves. If written disapproval is timely submitted and an agreement to the terms in writing cannot be reached by the buyers and sellers within 5 days of submittal, this offer shall be null and void and all earnest money will be returned to buyer.

The closing was to be held no later than June 24. Both parties fulfilled their obligations and contingencies under the Offer until June 14, 2005, when the Notters notified Devine's realtor that they would not go through with the sale. Devine sued for breach of contract. After the parties stipulated to the facts, the court granted judgment to Devine for specific performance.

¶ 3. The only issue on appeal is whether the attorney-approval clause rendered the parties' contract illusory. The resolution of this issue depends on the application of legal principles to undisputed facts, and so our review is de novo. *See Brown v. State*, 230 Wis. 2d 355, 363–64, 602 N.W.2d 79 (Ct. App. 1999).

¶ 4. An illusory promise is a promise in form only: one that its maker can keep without subjecting him- or herself to any detriment or restriction. An archetypal example of an illusory promise is the state-

ment that "I promise to do as you ask if I please to do so when the time arrives." *See* 2 CORBIN § 5.28, at 142. A promisor can keep that promise by either doing as the promisee asks or not, and so the promisor maintains total freedom to do as he or she wants. Since the maker of an illusory promise assumes no detriment or obligation, an illusory promise is not regarded as consideration. *Id.* at 142–43. If a party to a purported contract has, in fact, made only illusory promises and therefore not constrained him- or herself in any way, he or she has given no consideration and therefore no contract exists. *See id.* Because no contract exists, neither party has a cause of action for breach.

¶ 5. The Notters contend that their purchase contract with Devine was rendered illusory by the attorney-approval clause. They submit that by allowing either party to walk away from the deal, the clause left both parties free to do just as they wished. Wisconsin courts have not previously addressed a claim that an attorney-approval clause rendered a contract illusory, and so both parties argue from a few real-estate cases that concern very different contractual issues and therefore, in our view, offer little guidance. *See Gerruth Realty Co. v. Pire*, 17 Wis. 2d 89, 115 N.W.2d 557 (1962); *Nodolf v. Nelson*, 103 Wis. 2d 656, 309 N.W.2d 397 (Ct. App. 1981). Each of these cases involved financing contingencies. *Gerruth*, 17 Wis. 2d at 90; *Nodolf*, 103 Wis. 2d at 658. In each case, the court, though remarking on the doctrine of illusory contracts, ultimately refused to enforce the contracts at issue not because they were illusory, but because they were indefinite. *Gerruth*, 17 Wis. 2d at 95; *Nodolf*, 103 Wis. 2d at 659. But most importantly to our analysis, neither case involved a contract clause that, while providing a right to walk away from the deal, strictly limited that right to a short period.

¶ 6. Our research has convinced us that whether an attorney-approval clause like the one here renders a contract illusory is a question of first impression in Wisconsin. This being so, we had hoped to find on-point persuasive authority on the issue from other jurisdictions, but despite the fact that attorney-approval clauses are widely used in other states[1] (and even mandatory in at least one[2]) apparently the Notters' illusoriness challenge is fairly unusual. Though perhaps it is not unique: in the one case we found that even mentioned the issue, the court "[rejected] those cases holding that this type of attorney-approval clause renders the contract illusory." *Patel v. McGrath*, 872 N.E.2d 537, 539 (Ill. App. Ct. 2007). Unfortunately for us the court did not go on to specify what those cases might be, and try as we might, we have not been able to turn them up.[3]

[1] *See* Debra Pogrund Stark, *Navigating Residential Attorney Approvals: Finding a Better Judicial North Star,* 39 J. MARSHALL L. REV 171, 177 n.18 (2006) (listing eleven states with cases on attorney approval clauses).

[2] *See New Jersey State Bar Ass'n v. New Jersey Ass'n of Realtor Bds.*, 461 A.2d 1112, 1117–18 (N.J. 1983) (ordering the use of a standard clause in realtor-prepared contracts).

[3] Perhaps the reference is to *Peterson v. Estate of Pursell*, 771 A.2d 666, 671 (N.J. Super. Ct. App. Div. 2001), and other cases stating that the attorney review clause "renders enforceability of realtor-drawn contracts illusory, at least during the three day review period." The issue of whether the parties to a contract containing an attorney-review clause can be held to anything during the review period is a matter of some dispute. *See* Alice M. Noble-Allgire, *Attorney Approval Clauses in Residential Real Estate Contracts-Is Half a Loaf Better Than None?* 48 U. Kan L. Rev. 339, 358–62 (2000). In any case, this is clearly a completely different question than whether a party can escape the contract long after the review period has expired, as the Notters are attempting to do here.

¶ 7. What we have learned is that attorney-approval clauses arose as a sort of compromise in a long-running dispute between attorneys and realtors over who ought to be drafting real estate contracts. They serve generally to allow the parties to a real-estate contract to get a deal signed in a timely fashion, while reserving the right to consult with an attorney about what is, for many people, the most important transaction (and legal commitment) that they will ever make. Illuminating discussions of the history of such clauses, as well as their theoretical and practical implications, can be found in the two law review articles mentioned above. *See* Pogrund Stark, *supra* note 1; Noble-Allgire, *supra* note 3.

¶ 8. And we are convinced that, at least where the review period is strictly limited, such clauses do not render a real-estate deal illusory. First, when the Notters analyze the clause here as giving both parties a nearly unlimited right to walk away from the deal within five days, they fail to contend with the language of the clause. Essentially, it gives the parties two options: go ahead with the deal as-is, or consult with an attorney, who may object to any term other than price. The law of illusoriness includes a rule about contracts containing alternatives for a party: such a contract is not illusory so long as one of the alternatives would be consideration "and there is . . . a substantial possibility that before the promisor exercises his [or her] choice events may eliminate the alternatives which would not have been consideration." RESTATEMENT (SECOND) OF CONTRACTS § 77 (1981). Even assuming that consulting with an attorney is not a sufficient detriment to serve as consideration, the five-day limit here serves to eliminate this alternative very quickly, so that

the party is left with the remaining option: perfor-
mance of the deal as written.

¶ 9. One could also view the attorney-approval
clause as a right of cancellation of the contract. The
Notters are correct that an unlimited right to cancel
can render a contract illusory, at least as to future
performance, since a party can always avoid any obli-
gations by simply invoking the cancellation right. *See* 1
RICHARD A. LORD, WILLISTON ON CONTRACTS § 4.27, at 820
(4th ed. 2007). Where, however, the right to cancel is
limited even in slight ways, courts have found this
enough of a detriment to the cancelling party to save
the contract from illusoriness. *See, e.g., Klug v. Flam-
beau Plastics Corp.*, 62 Wis. 2d 141, 152, 214 N.W.2d 281
(1974) ("The provision that plaintiff could not termi-
nate the contract except on written, ninety-day notice
was itself a sufficient detriment so as to insure mutu-
ality of obligation."); 1 WILLISTON ON CONTRACTS § 4.27, at
820–25 ("[I]f the party may only cancel upon dissatis-
faction, for good cause shown . . . upon the giving of
reasonable notice, or upon any other condition not
within the promisor's control, the promise is neverthe-
less enforceable." (Citations omitted.)). Here, the party
wishing to cancel the deal was required, at minimum, to
consult with an attorney and provide notice within five
days. In our view these obligations, though not onerous,
are enough to save the deal from being illusory. *See also
Chicago Fire Brick Co. v. General Roofing Mfg. Co.*, 133
Ill. App. 269, 1907WL1829, *4 (1907) (four-day right of
cancellation did not render contract void for lack of
mutuality where four days had passed and no cancella-
tion was effected).

¶ 10. We therefore hold that the attorney-
approval agreement signed by the Notters and Devine

did not render their contract illusory. Because no objection was made within the five-day window, the contract remains in force and Devine is entitled to specific performance. Because we so hold, we need not consider whether subsequent actions of the parties waived any claim of illusoriness.

*By the Court.*—Judgment affirmed.