Terry VOHS and Vicki L. Vohs,
Plaintiffs-Appellants,

v.

Paul F. DONOVAN and Teresa M. Donovan,
Defendants-Respondents.†

Court of Appeals

*No. 2009AP507. Submitted on briefs August 10, 2009.
—Decided November 25, 2009.*

2009 WI App 181

(Also reported in 777 N.W.2d 915.)

† Petition to Review denied 5/13/10. Abrahamson, C.J., dissents.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Ralph E. Johnson* of *UAW-GM Legal Services Plan*, Janesville.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Terrence T. Monahan* of *Elliott, Monahan & Associates, S.C.*, Beloit.

Before Dykman, P.J., Vergeront and Lundsten, JJ.

¶ 1. VERGERONT, J. This dispute arises out of a residential offer to purchase that contained the phrase "offer is subject to sellers obtaining home of their choice on or before February 20, 2007," a date two days after both the buyers and the sellers signed the offer. The circuit court granted the buyers' motion for summary judgment on the ground that this phrase made the contract indefinite and illusory and therefore the buyers were not obligated to purchase the sellers' home. The sellers appeal.

¶ 2. We conclude there are material factual disputes that prevent summary judgment on both the ground of indefiniteness and the ground of illusoriness. With respect to indefiniteness, when the contingency language is considered along with the extrinsic evidence submitted by the sellers, there is a reasonable inference that both parties understood that the contingency referred to a particular pending transaction, and that understanding makes the contingency sufficiently definite. With respect to illusoriness, there is a reasonable inference that fulfilling the contingency was not wholly within the sellers' control, and therefore the contingency did not make the sellers' promise illusory. Accordingly, we reverse and remand for further proceedings.

## BACKGROUND

¶ 3. On February 18, 2007, Paul and Teresa Donovan signed an offer to purchase the home of Terry and Vicki Vohs for the sum of $550,000. The offer included a contingency providing that the "offer is subject to sellers obtaining home of their choice on or before Feb. 20, 2007." The Vohses accepted the offer to purchase on the same date.

¶ 4. According to the Vohses' unrebutted submissions, as of February 18, 2007, they had a pending counteroffer to purchase another home. That counteroffer contained a provision that it had to be accepted on or before February 19, 2007. On February 19, the counteroffer was accepted and the Vohses' broker communicated this to the Donovans. For reasons not disclosed in the record, the Donovans did not follow through with the purchase of the Vohses' home. The Vohses subsequently sold this home to another buyer for less money.

¶ 5. The Vohses filed this lawsuit alleging the Donovans had breached their contract and requesting judgment in the amount of $50,000, plus costs and attorney fees. The Donovans' filed a motion for summary judgment on the grounds that the contingency made the contract indefinite and illusory and therefore unenforceable. The Vohses opposed the motion. The circuit court granted summary judgment in favor of the Donovans, apparently concluding that the contingency made the contract unenforceable.[1]

---

[1] The transcript of the hearing on the motion is not in the record. The order granting the motion, which is in the record, does not state the reasons but refers to "the reasons set forth on the record."

## DISCUSSION

¶ 6. On appeal the Vohses contend the circuit court erred in granting summary judgment because the evidence of the surrounding circumstances makes the contingency definite and prevents their promise from being illusory. The Donovans respond that the language "obtaining" and "home of their choice" makes the contingency indefinite and renders the contract illusory.

¶ 7. We review de novo the grant and denial of summary judgment, employing the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314–15, 401 N.W.2d 816 (1987). Summary judgment is proper when there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2) (2007–08).[2] In deciding if there are genuine issues of material fact, we draw all reasonable inferences in favor of the nonmoving party. *Metropolitan Ventures, LLC v. GEA Assoc.*, 2006 WI 71, ¶ 20, 291 Wis. 2d 393, 717 N.W.2d 58.

¶ 8. We begin by summarizing the case law on indefinite contract terms and illusory promises and explaining the distinction between the two concepts. A contract is not enforceable if an essential term is indefinite. *Management Computer Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 178, 557 N.W.2d 67 (1996). Definiteness requires that there be a mutual assent by the parties, which we determine according to an objective standard. *Id.* This means that we "examine[] both the wording of the contract as well as the surrounding circumstances" to determine if there was mutual assent to a sufficiently definite meaning of the

---

[2] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

term. *Metropolitan Ventures*, 291 Wis. 2d 393, ¶ 24. When there is evidence that two parties intended to enter into a contract, "the [court or] trier of fact should not frustrate their intentions, but rather should attach a 'sufficiently definite meaning' to the contract language *if possible."* *Id.*, ¶ 25 (quoting *Management Computer Servs.*, 206 Wis. 2d at 179).

■■

¶ 9. Like a contract with an indefinite essential term, an illusory promise is unenforceable, but for different reasons. An illusory promise—"one that its maker can keep without subjecting him[self] or herself to any detriment or restriction"—does not constitute consideration. *Devine v. Notter*, 2008 WI App 87, ¶ 4, 312 Wis. 2d 521, 753 N.W.2d 557. When performance by a promisor is "conditional on some fact or event that is wholly under the promisor's control and his [or her] bringing it about is left wholly to his [or her] own will and discretion," then the promise to perform is illusory. *Metropolitan Ventures*, 291 Wis. 2d 393, ¶ 33 (quoting *Nodolf v. Nelson*, 103 Wis. 2d 656, 660, 309 N.W.2d 397 (Ct. App. 1981)). In such a situation, assuming no other consideration is given for a return promise, there is no contract. *See Devine*, 312 Wis. 2d 521, ¶ 4; 2 Joseph M. Perillo & Helen Hadjiyannakis Bender, Corbin On Contracts § 5.28 at 142–143 (rev. ed. 1995).

■■

¶ 10. In summary, while both indefiniteness and illusoriness affect the enforceability of a contract, they are distinct concepts. If an essential term is indefinite, thereby rendering the contract unenforceable, the analysis ends there.[3] If, on the other hand, the chal-

---

[3] It is true that in *Nodolf v. Nelson*, 103 Wis. 2d 656, 309 N.W.2d 397 (Ct. App. 1981), we discussed illusoriness in the

lenged contract term is determined to be definite and the party attacking the contract also asserts the term constitutes an illusory promise, the issue of illusoriness must then be resolved using a distinct analysis. In other words, a contract term may be definite but nonetheless constitute an illusory promise.

¶ 11. Turning to the arguments in this case, we consider first the question whether the contingency that the "offer is subject to sellers obtaining home of their choice on or before Feb. 20, 2007" is indefinite.

¶ 12. This clause creates a condition precedent to the sellers' performance. A significant aspect of the clause is that the condition must occur *two days* from the date on which both parties signed the document. Viewed objectively, this extremely short time period implies that the Vohses are already involved in a transaction to purchase a particular house and they expect a resolution within two days. It is illogical to

context of deciding whether a financing contingency clause was indefinite. *See infra*, ¶ 19. We first rejected the buyer's argument that, because he obtained financing by the pre-scribed date, the indefinite clause became definite. *Nodolf*, 103 Wis. 2d at 659. We explained that, with no disclosure to the seller, the buyer's subsequent unilateral action did not make the clause definite. *Id.* We went on to say, following *Gerruth Realty Co. v. Pire*, 17 Wis. 2d 89, 90, 115 N.W.2d 557 (1962), that if the financing clause could be made definite by whatever the buyer decided to do, his promise to purchase would be illusory. *Nodolf*, 103 Wis. 2d at 659–60. However, *Nodolf* should not be read to require an illusory analysis as part of an indefinite analysis. The correct reading of *Nodolf* is that our indefiniteness analysis was completed upon our conclusion that the buyer's subsequent undisclosed unilateral action did not make the clause definite.

infer that the Vohses are asking for two days to find a house of their choice and complete the transaction to "obtain" it.

¶ 13. While the specific transaction is not referred to in the clause, the Vohses have submitted an affidavit with attached documents showing they were engaged in negotiations to purchase a particular house. The submission shows that February 19, 2007, is the date by which the owners of the other house had to respond to the Vohses' counteroffer. Thus, the Vohses were agreeing that, if their counteroffer was accepted by February 20, they would be obligated under the contract with the Donovans. The Donovans have not submitted any factual materials disputing that this was the transaction upon which the contingency was based. On these facts, it is reasonable to infer that the Donovans agreed to the two-day contingency, knowing its purpose.

¶ 14. We recognize that the Vohses' knowledge of the pending transaction is not in itself sufficient to make the contingency clause definite. *See Gerruth Realty Co. v. Pire,* 17 Wis. 2d 89, 92–94, 115 N.W.2d 557 (1962) (contingency based "upon the purchaser obtaining the proper amount of financing" was indefinite where there was no evidence the purchaser communicated his views on what the proper amount was, no evidence of the seller's understanding, and no evidence providing a reasonable inference that the parties contracted in light of current practices in the community). But, as we have explained, the undisputed facts support a reasonable inference that the Donovans did know of the pending transaction.

¶ 15. The Donovans argue that the word "obtain" is "unclear on its face" because the acceptance of the Vohses' counteroffer to purchase contained conditions

and therefore the other house was not "conclusively obtained." The Donovans suggest that the word "obtain" could also mean either after the closing or after physical occupancy. This is an argument that the language is ambiguous—that is, reasonably susceptible to more than one construction. *See Management Computer Servs.*, 206 Wis. 2d at 177. Ambiguity is not the same as indefiniteness. *Id.* at 178. An indefinite term is one that is not susceptible to any reasonable construction, even after considering the surrounding circumstances. *See id.* at 178–82. Thus, the fact that "obtain" is ambiguous—and we agree that it is—does not make the clause indefinite and therefore unenforceable.[4]

¶ 16. The Donovans also argue that the phrase "home of their choice" is indefinite because it can mean whatever the Vohses want it to mean. They find support for this position in *Nodolf*, in which we concluded that a financing clause making the buyer's obligation to perform contingent on "obtaining financing by [a certain date]" lacked sufficient definiteness for a court to be able to determine the terms of financing and therefore rendered the entire contract unenforceable. *Nodolf*, 103 Wis. 2d at 658–59.

---

[4] While indefiniteness and ambiguity are distinct concepts, they are closely related. If an ambiguity is capable of being resolved through principles of contract construction, it necessarily means that the term is sufficiently definite and does not render the contract unenforceable. *See Management Computer Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 182, 557 N.W.2d 67 (1996). Similarly, the determination that a term is sufficiently definite may also resolve an ambiguity in the term. As an example, if the extrinsic evidence in this case establishes that the contingency is sufficiently definite, that same evidence would appear to resolve the ambiguity in the meaning of "obtain."

¶ 17. *Nodolf* does not support the Donovan's position. Although the clause there contained a date by which financing had to be obtained, we did not address whether that date, in context, implied a reference to circumstances further defining the condition; and we cannot read from the opinion any suggestion that the date did have that meaning. In addition, in *Nodolf* there was no extrinsic evidence supporting a reasonable inference that the parties shared the same definite understanding of the contingency. Instead, in *Nodolf* the buyer's position was that the fact that he subsequently obtained financing, by itself, made the terms more definite, and that is the proposition we rejected. *Id.* at 659.[5]

¶ 18. We conclude there is a reasonable inference from the record that the Donovans were aware of the Vohses' pending transaction to purchase another house.

---

[5] The Donovans argue that, because the contract was "void" as illusory and indefinite, we may not consider extrinsic evidence or equitable theories but only the contract itself. To the extent the Donovans mean that, in addressing an indefiniteness challenge, a court may not consider extrinsic evidence, this is an incorrect statement of the law. As we have already stated, in considering such a challenge the court is to look at both the wording of the contract and the surrounding circumstances. *Metropolitan Ventures, LLC v. GEA Assoc.*, 2006 WI 71, ¶ 24, 291 Wis. 2d 393, 717 N.W.2d 58.

On the other hand, the Donovans may mean that *after* a court decides that a contract is indefinite or a promise is illusory, the court may not consider extrinsic evidence to decide if the equities favor enforcement. The Donovans may be making this argument in response to the Vohses' argument that, even if the contingency does not meet the definiteness requirement of the statute of frauds, Wis. STAT. § 706.02(1)(c), they are nonetheless entitled to equitable relief under § 706.04 of the statute of frauds. We do not address the issue of the statute of frauds because neither party raised it in the circuit court.

That transaction provides definiteness to the meaning of the condition that the Vohses "obtain[] [a] home of their choice" by February 20, 2007. Accordingly, the Donovans are not entitled to summary judgment on their defense that this clause is indefinite and makes the contract unenforceable.

¶ 19. Because the contingency clause is sufficiently definite under a reasonable view of the record, we turn to the issue whether that clause makes the Vohses' promise to perform illusory. The Donovans' argument that the Vohses' promise is illusory, like their argument on the indefiniteness of the "home of their choice" language, is based on *Nodolf*. In *Nodolf*, we rejected the buyer's argument that he made the financing contingency definite by obtaining financing by the prescribed date, explaining:

> If the buyer could breathe enforceability into the contract by claiming that the financing condition has been met, the buyer would have an unfettered right to decide whether the condition has been fulfilled. This is true because only the buyer and no court [because of the indefiniteness of the clause] can determine the terms of the financing. That right would render [the] buyer's promise to purchase illusory.

*Nodolf*, 103 Wis. 2d at 659.

¶ 20. The Donovans' reliance on *Nodolf* for their argument on illusoriness has the same deficiency as does their *Nodolf* argument on indefiniteness. They ignore the February 20, 2007, date and the extrinsic evidence of the pending transaction with an acceptance date of February 19, 2007. When the extrinsic evidence is considered, there is a reasonable inference that whether the Vohses' counteroffer will be accepted by the deadline is not "wholly under [their] control" or "left

wholly to [their] own will and discretion." *Metropolitan Ventures*, 291 Wis. 2d 393, ¶ 33 (citing *Nodolf*, 103 Wis. 2d at 660). The Donovans do not provide an argument to the contrary.

¶ 21. We conclude, therefore, that the Donovans are not entitled to summary judgment on their defense that the Vohses' promise to perform is illusory.[6]

## CONCLUSION

¶ 22. The Donovans are not entitled to summary judgment on the ground of either indefiniteness or illusoriness. We therefore reverse and remand for further proceedings.

*By the Court.*—Order reversed and cause remanded.

[6] On the issue of illusoriness, both parties rely on *Devine v. Notter*, 2008 WI App 87, 312 Wis. 2d 521, 753 N.W.2d 557. The clause at issue in *Devine* provided that the offer to purchase was contingent upon the approval of the buyers' and sellers' attorneys within five days of the acceptance of the offer. *Id.*, ¶ 2. We concluded this clause did not make the contract illusory because "[t]he attorney review period was strictly limited and, since the time elapsed without objection, we see no reason both parties should not be bound to the contract." *Id.*, ¶ 1. We recognize that the clause at issue in this case also has a strict time period— shorter than that in *Devine*. However, there are other characteristics of the clause at issue in *Devine* that were the basis for our reasoning but are not shared by the clause in this case. We therefore resolve this appeal without a more detailed discussion of *Devine*.