**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Greene JACKSON, Defendant,
William C. Jackson, Surety-Appellant.**

**No. 72–1091.**

United States Court of Appeals,
Tenth Circuit.

Aug. 7, 1972.

I. Thomas Bieging, Denver, Colo., for surety-appellant.

William K. Hickey, Asst. U. S. Atty. (James L. Treece, U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellee.

Before HILL, BARRETT and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from the trial court's denial of the appellant's motion to vacate judgment declaring forfeiture of an appearance bond or, in the alternative, to grant remission of the judgment.

William Greene Jackson, the defendant in the trial court, was arrested by the Federal Bureau of Investigation in the latter part of February, 1970, in Phoenix, Arizona, on charges of interstate transportation of stolen property

in violation of 18 U.S.C. § 2314. The charges were filed in the United States District Court for the District of Colorado. Bond was established in the amount of $50,000 and subsequently reduced to $10,000.

The defendant was brought before George L. Van Doren, a federal magistrate in Phoenix, Arizona, on March 19, 1970, at which time an appearance bond in the amount of $10,000, pursuant to 18 U.S.C. § 3146, was ordered. A $1,000 cashier's check payable to the United States was given to the defendant by his father, William C. Jackson, for delivery to the court to meet the 10% deposit requirement of the bond.

The bond was signed by the defendant and by the magistrate. William C. Jackson was named as surety in the bond. The elder Jackson did not sign the bond; his name, address and telephone number were typed in an entry designated as "Name of Surety" on the bond. An order specifying methods and conditions of release was executed simultaneously with the bond; William C. Jackson is not mentioned as surety or in any capacity therein.

The defendant appeared for trial in the District of Colorado and was found guilty by a jury of the charges. Sentencing was scheduled for June 18, 1971; the defendant failed to appear. The court entered an order forfeiting the $10,000 bond, and issued a bench warrant for the defendant. The United States filed a motion for judgment on default of the bond on July 1, 1971; judgment in the amount of $10,000 was entered against William C. Jackson in accord with this motion on July 7, 1971. The elder Jackson then filed a motion to vacate the judgment or, in the alternative, for remission of said judgment. A hearing on this motion was had on September 10, 1971; the motion was denied

upon a finding by the trial court that William C. Jackson had intended to act as surety for the appearance of his son, and was so bound, despite the lack of his signature on the bond. It is from the trial court's denial of this motion that the elder Jackson appeals.

Appellant advances three arguments in support of this appeal: first, that the appellant may not be considered to have become a surety on the bond releasing the defendant on March 19, 1970, when said bond was never signed or acknowledged by appellant; second, that the trial court erred in finding that the appellant intended to act as surety; and third, that the trial court erred in failing to set aside forfeiture or to grant remission. We have carefully reviewed the record, and conclude that the trial court erred in finding that the appellant intended to act as surety.

■ This Court has been unable to find any case dealing with the necessity of the surety's signature on an appearance bond. An appearance bond such as the one in question constitutes a contract involving the principal and surety and the Government, and is to be strictly construed in accord with its own terms.[1] Adopting a strict constructionist view, an individual could be bound on an unsigned bond only in circumstances where the intent to be bound is clear.

■ Here the only evidence connecting the appellant to the bond is the $1,000 check which he gave to the defendant to enable the defendant to make the 10% deposit required by the bond. Presentation of this check, payable to the United States, apparently accounts for the appellant's name and address being typed on the bond as surety. The mandate of F.R.Crim.P. 46(e) was ignored, despite the language contained therein.[2] Appellant was never presented

1. Williams v. United States, 444 F.2d 742 (10th Cir. 1971), cert. denied, United Bonding Insurance Co., 404 U.S. 938, 92 S.Ct. 275, 30 L.Ed.2d 250; United States v. Kelley, 38 F.R.D. 320 (D.Colo.1965).

2. Rule 46. Bail (e) Justification of Sureties. Every surety, except a corporate surety which is approved as provided by law, shall justify by affidavit . . . the property by which he proposes to justify and the encumbrances thereon, the

with the bond for signature. The order containing terms and conditions of the defendant's release, executed simultaneously with the bond, makes no mention of the appellant as surety or in any capacity. In the light of these facts, we can only conclude that the trial court's finding that the appellant intended to act as surety on the bond is clearly erroneous.[3]

The order appealed from is reversed, and the case is remanded with instructions to vacate the judgment.

number and amount of other bonds and undertakings for bail entered into by him and remaining undischarged and all his other liabilities.

3.  Sta-Rite Industries, Inc. v. Johnson, 453 F.2d 1192 (10th Cir. 1971), cert. denied, 406 U.S. 958, 92 S.Ct. 2062, 32 L.Ed.2d 344; N. Natural Gas Co. v. Grounds, 441 F.2d 704 (10th Cir. 1971), cert. denied, 404 U.S. 951, 92 S.Ct. 268, 30 L.Ed. 2d 267.