**UNITED STATES of America, Plaintiff,**

v.

**Linda Denise WEED, Defendant.**

**No. CR–N–87–16–ECR.**

United States District Court, D. Nevada.

March 31, 1988.

L. Anthony White, Asst. U.S. Atty., Reno, for plaintiff.

N. Patrick Flanagan, Asst. Federal Public Defender, Reno, for defendant.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

The matter before the Court is a motion for declaration of forfeiture of a bail bond which the Government alleges was posted by defendant with her father, Harry Weed, as surety in the amount of $50,000.

On June 23, 1987, the Court ordered that Linda Denise Weed be released on her own recognizance for the remainder of the trial of her codefendant, which was then in progress (Ms. Weed having previously entered a plea of guilty to certain of the charges in the indictment), subject to certain conditions imposed by the Court.

This order of June 23, 1987, further provided that as soon as the trial was completed, pending her sentencing, Ms. Weed was to be permitted to go to her parents' home in Long Beach, California, where she was to be subject to the third party custody of her father and additional restrictions imposed by the Court's order. It was also understood and agreed in accordance with Ms. Weed's plea bargain with the Government that her said release would also be subject to her posting a $50,000 bond secured by a deposit of 1% or $500. While the plea bargain required her release upon the posting of said bond after her testimony was completed at the trial, it turned out that she remained subject to recall as a witness to the end of the trial and her testimony was deemed "completed" only on or about July 1, 1987, when the trial itself was completed.

Consequently, two appearance bonds were executed: one for the remainder of the trial (docket #311) and one for the period subsequent to the trial until the sentencing of the defendant (docket #321).

The first appearance bond was filed June 24, 1987. On the basis of this bond and the Court's said order of June 23, 1987, Ms. Weed was released on her own recognizance subject to said conditions imposed by the order. This bond was exonerated on July 1, 1987.

The second appearance bond was executed on July 1, 1987, and filed July 2, 1987. This bond was in the amount of $50,000 and was secured by $500 paid previously (June 5, 1987) by Ms. Weed's father, Harry Weed. As mentioned above, a condition of this release was that Ms. Weed be placed in third-party custody of her father in Long Beach, California. Harry Weed signed the order setting conditions of release as custodian of Linda Weed. A further condition of this bond was that defendant appear at all court proceedings. Ms. Weed failed to appear at the sentencing hearing.

The principal issue before the Court is: is Harry Weed liable as surety for the bond?

SURETY

Other than the $500 deposit, there is no security for the appearance bond of July 1, 1987. Although there appears to be a signature of a surety on the bond, the original copy shows that that signature was obliterated, apparently by Mr. Weed before delivery of the bond. The deputy clerk acknowledged Linda Weed's signature but not a surety's signature. The place for the deputy clerk's acknowledgment of a surety's signature is at the bottom of the bond along side of the Judge's signature (document # 321).

The fact that Harry Weed paid the $500 deposit does not make him surety for the bond.

A case in point is *United States v. Jackson*, 465 F.2d 964 (10th Cir.1972). It states that an appearance bond "constitutes a contract involving the principal and surety and the Government and is to be strictly construed in accord with its own terms." *Id.* at 965. "Adopting a strict constructionist view, an individual could be bound on an unsigned bond only in circumstances where the intent to be bound is clear." *Id.* The Court held that a check from defendant's father for $1,000 made payable to the United States and given to the court did not make the father surety for $10,000. The check merely enabled the defendant to make a 10% deposit as required by the bond. However, the father was never presented with the bond for signature and the order containing terms and conditions of release made no mention of the father as surety. The Court concluded that the father did not intend to be surety for the bond and, therefore, was not.

In the case at hand, Harry Weed was presented the bond for signature as third party custodian not as surety. The fact that he did not intend to be surety is evidenced by his obliterated signature. The deputy clerk did not acknowledge Harry Weed's signature as surety but only Linda Weed's signature as the defendant. Linda Weed is solely liable for the bond which she forfeited by failing to appear.

OWN RECOGNIZANCE

A second issue is whether Linda Weed was released on her own recognizance. There is an error on the face of the July 1, 1987, bond in that it indicates that Linda Weed was released on her own recognizance. The order setting forth conditions of release (docket # 314) correctly reflects, however, that Linda Weed be placed in her father's custody. The order setting forth conditions of release further correctly indicates that Linda Weed was released on a secured bond.

IT is therefore ordered that plaintiff's motion be GRANTED IN PART AND DENIED IN PART, as follows:

IT IS HEREBY ORDERED that plaintiff's motion that judgment be entered against Harry Weed as surety for the $50,000 bond is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for judgment against Linda Weed is GRANTED. The appearance bond in the amount of $50,000 filed by Ms. Weed on July 2, 1987, is declared forfeited (docket # 321).

IT IS FURTHER ORDERED that the statement on defendant's appearance bond (docket # 321) that she was released on her own recognizance is STRICKEN.