UNITED STATES of America,
Plaintiff–Appellee,

v.

Terry Wayne DUDLEY, Defendant–
Appellant.

No. 94–3313.

United States Court of Appeals,
Tenth Circuit.

Aug. 8, 1995.

Submitted on the Briefs: *

Gregory G. Hough, Asst. U.S. Atty., & Randall K. Rathbun, U.S. Atty., Topeka, KS, for plaintiff-appellee.

Charles D. Dedmon, Asst. Federal Public Defender & David J. Phillips, Federal Public

* Neither party requested oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

Defender, Topeka, KS, for defendant-appellant.

Before TACHA, LOGAN and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Mr. Dudley appeals his sentence resulting from conviction of unlawful possession of a firearm and unlawful possession of ammunition by a convicted felon. 18 U.S.C. § 922(g), 924(a)(2). He also appeals from forfeiture of his $25,000 unsecured appearance bond. Our jurisdiction arises under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm the sentence, but reverse the bond forfeiture judgment.

*Background*

This case was tried to the court on stipulated facts. As part of the agreement to have the court decide the entire matter, the government agreed "[t]o not oppose a sentence at the lower end of the appropriately calculated guidelines range." I R. doc. 34 at 2. After the court announced its tentative sentence (18 months) in the middle of the appropriate Guideline range (15–21 months), the government commented that the sentence was very reasonable given the conduct involved.

Prior to sentencing, Mr. Dudley was arrested on state drug charges, possession of cocaine with intent to sell and possession of drug paraphernalia, and placed in state custody. A pretrial services officer then filed a petition for action on conditions of pretrial release and obtained an order directing Mr. Dudley to show cause why his bond should not be revoked. Still in state custody, Mr. Dudley appeared for his federal sentencing on a writ of habeas corpus ad prosequendum. Afterward, the district court revoked Mr. Dudley's bond, and also ordered his $25,000 appearance bond forfeited.

On appeal, Mr. Dudley contends that (1) the government violated its agreement with him to not oppose a sentence at the lower end of the appropriate Guideline Range, (2) the district court erred by not finding that he possessed the firearm and ammunition in question for lawful sporting purposes or for collection, U.S.S.G. § 2K2.1(b)(2), and (3) the district court erred in ordering his appearance bond forfeited.

*Discussion*

A.

We review claims that the government has breached a plea agreement against a backdrop of a defendant's reasonable understanding. *Allen v. Hadden*, 57 F.3d 1529, 1534–36 (10th Cir.1995). Our review is de novo. *United States v. Robertson*, 45 F.3d 1423, 1442 (10th Cir.), *cert. denied*, —— U.S. ——, ——, 115 S.Ct. 2258, 2259, 132 L.Ed.2d 265 (1995). Although the district court indicated that the prosecutor's comments had no influence on the sentence, this would not preclude a remedy if a breach occurred. *Santobello v. New York*, 404 U.S. 257, 262–63, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971).

This is not a case in which the government promised not to make a recommendation concerning sentencing, and then made one. *See id.* at 262, 92 S.Ct. at 498–99 (plea agreement breached). Rather, the government, in response to the court's announcement of a tentative sentence, indicated its agreement to either a sentence at the low end or the court's selection at the midpoint. At most, the government made a very equivocal recommendation by commenting on the court's sentence, but at no time did it oppose a sentence at the lower end of the range.

B.

U.S.S.G. § 2K2.1(b)(2) provides for a decreased offense level if a defendant "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise use such firearms." Mr. Dudley was required to prove his entitlement to this lower base offense level by a preponderance of the evidence; our review of the district court's determination that he did not is for clear error. *See United States v. Rutter*, 897 F.2d 1558, 1560 (10th Cir.), *cert. denied*, 498 U.S. 829, 111 S.Ct. 88, 112 L.Ed.2d 60 (1990). "Evidence which does not preponderate or is in

equipoise simply fails to meet the required burden of proof." *United States v. Kirk,* 894 F.2d 1162, 1164 (10th Cir.1990). *See also United States v. Uzelac,* 921 F.2d 204, 206 (9th Cir.1990).

At sentencing, Mr. Dudley relied upon affidavits from two of the sellers, pawn shop owners, who recited that they had advised him "that this type of gun would appreciate in value and collectability due to potential legislation that would result in the unavailability of this type of gun." Aplee. App. D & E. The district court could look at all of the surrounding circumstances in deciding the issue.[1]

█ Mr. Dudley's troubles began when he called police to stand by while he removed his property from a girlfriend's house. He removed two boxes and a black shotgun case from a basement storage area. The boxes contained three pistol-gripped 12–gauge shotguns, all of which were loaded with 00–buck ammunition. The district court determined that the method of storage did not suggest by a preponderance of the evidence that the guns were solely for lawful sporting purposes or collection and noted that Mr. Dudley gave conflicting accounts of his possession to the officers—he first indicated that the guns were his and produced receipts; he later claimed that the guns had been sold to his brother. The district court's finding is not clearly erroneous—the fact that the guns were loaded cuts against the contention that they were *solely* for sporting or collection purposes, rather than for personal protection purposes.

### C.

After sentencing, the following colloquy occurred:

Mr. Hough: Your Honor, based upon the court's sentence and findings, we believe it would be appropriate now to move to dismiss the show cause on the bond revocation that was requested by the probation officer earlier, and we would also ask the court that Mr. Dudley's bond be forfeited as a result of his arrest and the probable cause finding on the state court matter in violation of his bond on this matter.

The Court: The defendant, please?

Mr. Dedmon: Yes, your Honor. We agree that the—that the order to show cause should be dismissed. We object to forfeiting the bond. We don't believe that there has been a probable cause determination in the state court. My understanding of that case is that it is set for preliminary hearing in September, September 6. That's the probable cause hearing.

VI R. 17. The record plainly reveals that both parties consented to the district court's dismissal of the show cause order and any further action concerning Mr. Dudley's revocation of pretrial release.

Notwithstanding, Mr. Dudley now contends that he was denied the procedural protections of 18 U.S.C. § 3148, concerning revocation of conditions of release, and contends that the procedures contained therein are a prerequisite to bond forfeiture. Relying upon 18 U.S.C. § 3148(b)(1)(A), Mr. Dudley also argues that the district court was required to make a finding of probable cause that Mr. Dudley committed a state crime, prior to any forfeiture under Fed.R.Crim.P. 46(e).

█ Our review of this legal issue is de novo and while we disagree with Mr. Dudley's reasoning, we are compelled to conclude that forfeiture was inappropriate. As part of the Bail Reform Act, section 3148 deals with *revocation* of a bond, not *forfeiture* of a bond, the latter being a summary proceeding accomplished under Fed.R.Crim.P. 46(e). *United States v. Dunn,* 781 F.2d 447, 449–450 (5th Cir.1986). Section 3148(a) provides that a person who violates a condition of release may be subject to "a revocation of release, an order of detention, and a prosecu-

---

1. U.S.S.G. 2K2.1, comment. (n.10) (Nov. 1994) provides:

Relevant surrounding circumstances include the number and type of firearms, the amount and type of ammunition, the location and cir- cumstances of possession and actual use, the nature of defendant's criminal history (*e.g.,* prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law.

tion for contempt of court." Section 3146(d), also part of the Bail Reform Act, provides for forfeiture of bond, only in the event of a failure to appear. Rule 46(e)(1), however, is not so limited, a breach of any condition of a bond is grounds for forfeiture. Thus, for example, forfeiture has been upheld for breach of travel restrictions where the restrictions are incorporated as a condition of the bond. *United States v. Stanley,* 601 F.2d 380, 382 (9th Cir.1979); *United States v. Nolan,* 564 F.2d 376, 377 (10th Cir.1977); *Brown v. United States,* 410 F.2d 212, 218 (5th Cir.), *cert. denied,* 396 U.S. 932, 90 S.Ct. 272, 24 L.Ed.2d 230 (1969). *See also Babb v. United States,* 414 F.2d 719, 723 (10th Cir. 1968) ("[T]he cases hold that leaving the jurisdiction is sufficient reason for forfeiture when the bond prohibits same....").

Although all pretrial releases are subject to a condition that the defendant not commit a federal, state or local crime during release, 18 U.S.C. §§ 3142(b), 3142(c)(1)(A), we must look to the bond itself to determine its conditions. Although the bond could be conditioned on the same factors as contained in the order setting conditions of release, it was not. This particular bond is clear and unambiguous and is specifically conditioned upon the appearance of the Defendant, including "appearance for violation of a condition of defendant's release." [2] There is no suggestion in either the record or the government's brief that the Defendant failed to appear. Nor is there any suggestion that the appearance bond, which is a preprinted form (AO 98 Rev. 8/85), incorporates the provisions of the entirely separate document entitled "Order Setting Conditions of Release, another preprinted form (AO 199A Rev. 3/87).

■ As the government acknowledges, an appearance bond is a contract, and as with any contract, both parties must abide by its terms. An appearance bond should "be

strictly construed in accord with its own terms." *United States v. Jackson,* 465 F.2d 964, 965 (10th Cir.1972) (footnote omitted). In the absence of a condition of the appearance bond predicated upon a violation of state law, forfeiture was inappropriate.

The sentence is AFFIRMED; the judgment of forfeiture is REVERSED.

---

2. The operative paragraph provides:

The conditions of this bond are that the defendant Terry Wayne Dudley is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be

ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

I.R. doc. 8.