UNITED STATES of America,
Plaintiff,

v.

Yogesh SHAH, Defendant.

No. 99–CR–211.

United States District Court,
E.D. Wisconsin.

March 19, 2002.

Stephen M. Biskupic, Milwaukee, WI, for Plaintiff.

Peter J. Kovac, Milwaukee, WI, for Defendant.

## DECISION AND ORDER ON MOTION FOR FORFEITURE OF BOND

ADELMAN, District Judge.

On December 7, 1999, defendant Yogesh Shah was indicted on five counts of fraud pursuant to 18 U.S.C. §§ 1343, 1344 & 2314, and two counts of money laundering pursuant to 18 U.S.C. § 1956(a)(1)(B)(i). On December 23, 1999, he appeared before a magistrate judge, who released him on certain conditions, including that he make all court appearances and surrender for service of any sentence imposed, and that he execute a bond in the amount of $10,000 secured by the promissory note of Gary Tessman.

Tessman, apparently a friend of defendant, appeared at the hearing and was questioned under oath by the magistrate judge. He stated that he would sign a promissory note in the amount of $10,000 to enable defendant to be released and acknowledged that he would be obligated to pay $10,000 if defendant violated a condition of his bond. Tessman also signed the Order Setting Conditions of Release under language stating that defendant was to execute a $10,000 bond, secured by his promissory note. However, for reasons that are unclear from the record, defendant never executed the bond, and Tessman never executed the promissory note.

On October 4, 2000, I held a court trial and found defendant guilty on the five fraud counts but not guilty on the money laundering counts. With the government's approval, pending sentence I continued the bail conditions but added the requirement that defendant be placed on electronic monitoring. However, prior to sentencing defendant apparently obtained false identification and a passport and fled to his native country, India.[1]

1. Defendant's alleged accomplice in this scheme, Leonides Zamora, Jr., was charged and convicted of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and misuse of a passport in violation of 18 U.S.C. § 1544. On August 2, 2001, he was sentenced by Judge Charles N. Clevert to 30

Before me now is the government's motion for forfeiture of bail pursuant to Fed. R.Crim.P. 46(e)(1). Rule 46(e)(1) provides: "If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail." The government argues that defendant violated the condition of bond requiring him to appear in court, and that Tessman must therefore forfeit $10,000. Tessman opposes the motion on several grounds but contends primarily that because no bond was ever executed I may not order forfeiture.

## I. DISCUSSION

■ A bail bond agreement is essentially a contract between the government and the surety on behalf of the defendant. *United States v. Santiago*, 826 F.2d 499, 502 (7th Cir.1987). "The language of the bond contract is strictly construed in accordance with the terms contained therein." *United States v. Lujan*, 589 F.2d 436, 438 (9th Cir.1978); *see also United States v. Jackson*, 465 F.2d 964, 965 (10th Cir. 1972) (stating that appearance bond should "be strictly construed in accord with its own terms.").

■ Rule 46(e)(1) requires a court to "declare a forfeiture" of bail if there is a breach of a condition of a bond. If a defendant released pursuant to a bond agreement fails to appear there is a breach, and the district court has no discretion in determining whether the bond should be forfeited. *United States v. Gutierrez*, 771 F.2d 1001, 1003 (7th Cir.1985).

■ There is no doubt that defendant violated the conditions of his release by absconding. However, the question under Rule 46(e)(1) is whether under the circumstances this constituted a "breach of condition of a bond." I must strictly construe the terms of the bond to make this deter-

months imprisonment on each count to run concurrently. *United States v. Zamora*, Case

mination. In this case, no bond was ever executed. Therefore, it follows that there were no bond conditions to violate. Moreover, I am unable to find authority in the Rules of Criminal Procedure, the United States Code, the Order Setting Conditions of Release, or case law allowing me to order a forfeiture under these circumstances. Additionally, under principles of contract law, the existence of a bond and a violation thereof were conditions precedent to the government's right to obtain a forfeiture.

### A. Rule 46(e)

I begin my analysis with the plain language of the rule under which the government seeks forfeiture. Rule 46(e)(1) states: "If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail." The clear import of this provision is that in order for me to declare a forfeiture there must be a bond and a violation of a condition of such bond. The remaining subsections support this view. Rule 46(e)(2) allows the forfeiture to be set aside "if a person released upon execution of an appearance bond with a surety is subsequently surrendered by the surety into custody." Rule 46(e)(3) states: "By entering into a bond the obligors submit to the jurisdiction of the district court...."

### B. Bail Statutes

The bail statutes also require the existence of a bond in order for there to be a forfeiture. Title 18, U.S.Code sections 3146(a) & (b) detail the criminal penalties a defendant faces if he or she fails to appear after having been released. Section 3146(d) then states:

> If a person fails to appear before a court as required, *and the person executed an appearance bond pursuant to section*

No. 01–CR–26 (E.D.Wis. Aug. 2, 2001) (judgment).

*3142(b) of this title or is subject to the release condition set forth in clause (xi) and (xii) of section 3142(c)(1)(B) of this title,* the judicial officer may, regardless of whether the person has been charged with an offense under this section, declare any property designated pursuant to that section to be forfeited to the United States.

18 U.S.C. § 3146(d) (emphasis added).[2] Thus, the power to declare a forfeiture is dependant upon the execution of (1) an appearance bond by the defendant, § 3142(b); (2) an agreement to forfeit property, including money, upon failing to appear, § 3142(c)(1)(B)(xi); or (3) a bail bond with solvent sureties, § 3142(c)(1)(B)(xii). The statute does not provide for forfeiture in the absence of a bond or other document specified in section 3146(d).

### C. Order Setting Conditions of Release

■ Defendant and Tessman did sign the order setting the conditions of defendant's release. However, forfeiture may not be predicated upon violation of a release order. The distinction between an appearance bond and an order setting conditions of release is recognized in the statutes and the case law.

A court may release a defendant "on personal recognizance or upon execution of an unsecured appearance bond." 18 U.S.C. § 3142(a)(1). If the person is so released, section 3142(h) requires that the court also enter a release order. The release order is a separate document from the appearance bond and must contain a written statement setting forth the conditions to which the release is subject, advise the person of the penalties and consequences of violating a condition of release, and warn the defendant of the existence of laws prohibiting intimidation of or tampering with witnesses and victims and obstructing criminal investigations. 18 U.S.C. § 3142(h). The release order need not, and did not in this case, mention forfeiture of any bond as a possible consequence of failing to appear. This is because the penalties that flow from failing to appear as directed in a release order are separate and distinct from forfeiture of bond.[3] *See* 18 U.S.C. § 3146(a) & (b).

The cases make clear that forfeiture may be imposed only for a violation of a condition of a bond; it is not enough to show a violation of the terms of the order setting conditions of release. In *United States v. Dudley,* 62 F.3d 1275, 1276 (10th Cir.1995), the defendant while on release pursuant to an unsecured appearance bond was arrested by state authorities for possession of cocaine with intent to distribute. His order setting conditions of release required that he not commit any federal, state or local crime while on release. *Id.* at 1278. The government requested that the defendant's bond be forfeited based upon his arrest. *Id.* at 1277. The court held:

> Although all pretrial releases are subject to a condition that the defendant not commit a federal, state or local crime during release, 18 U.S.C. §§ 3142(b), 3142(c)(1)(A), we must look to the bond itself to determine its condi-

---

2. I note that while section 3146(d) allows bail forfeiture only if a defendant fails to appear, Rule 46(e) provides for forfeiture for the breach of any condition of a bond. Under the circumstances of this case, the broader reach of Rule 46(e) is inconsequential.

3. *Cf. United States v. Hawpetoss,* 452 F.Supp. 148, 149 (E.D.Wis.), *aff'd,* 588 F.2d 833 (7th Cir.) (table), *cert. denied,* 439 U.S. 987, 99 S.Ct. 584, 58 L.Ed.2d 661 (1978) ("The penalties ... against bail jumping and forfeiture of bail as prescribed by Rule 46(e), Federal Rules of Criminal Procedure, are complementary, and the imposition of one sanction is not meant to preclude the imposition of the other.").

tions. Although the bond could be conditioned upon the same factors as contained in the order setting conditions of release, it was not. This particular bond is clear and unambiguous and is specifically conditioned upon the appearance of the Defendant, including "appearance for violation of a condition of defendant's release." There is no suggestion in either the record or the government's brief that the Defendant failed to appear. Nor is there any suggestion that the appearance bond, which is a pre-printed form (AO 98 Rev. 8/85), incorporates the provisions of the entirely separate document entitled "Order Setting Conditions of Release,["] another pre-printed form (AO 199A Rev. 3/87).

As the government acknowledges, an appearance bond is a contract, and as with any contract, both parties must abide by its terms. An appearance bond should "be strictly construed in accord with its own terms." In the absence of a condition of the appearance bond predicated upon a violation of state law, forfeiture was inappropriate.

*Id.* at 1278 (footnote and citation omitted) (quoting *Jackson,* 465 F.2d at 965).

In *Santiago,* 826 F.2d at 501, where the defendant was also arrested for a drug-related offense while on bail, the court forfeited the surety's property because the bond agreement *did* reference the release order containing the condition violated by the defendant. The surety sought to set aside the forfeiture because the defendant did not violate his bond by missing any court dates. The court rejected the surety's argument because the forfeiture agreement signed by the surety unambiguously stated that her property "shall be forfeited to the United States of America should the defendant Rafael Santiago fail to appear or *otherwise violate any condi-*

*tion of this Court's order of release." Id.* at 503 (emphasis in original). One of the conditions of Santiago's release order was that he not commit any crime. *Id.* Because the court found that the defendant had committed a crime while on release, the surety's property was validly forfeited. *Id.* at 505.

The result in *Santiago* was different from that in *Dudley* because the forfeiture agreement under section 3142(c)(1)(B)(xi) expressly incorporated the release order and thus encompassed the defendant's violation. In *Dudley,* the appearance bond under section 3142(b) did not. *See also United States v. Vaccaro,* 51 F.3d 189, 193 (9th Cir.1995) (holding that because bond incorporated order setting conditions of release, bail could be forfeited for violation of condition of the release order).

In the present case, as in *Dudley,* defendant has not violated a bond condition; there were no bond conditions to violate. And I may not order forfeiture based upon a violation of the release order alone.

### D. Principles of Contract Law

█ Finally, under basic contract principles the absence of a bond precludes forfeiture. As noted, bond agreements are essentially contracts between the government and the defendant and his surety. *Santiago,* 826 F.2d at 502. I may look to state law contract principles in construing bail bond contracts. *See generally* Annotation, *Change in Terms or Conditions Under Which Accused in Federal Criminal Case Was Originally Released on Bail as Affecting Surety's Liability on Bail Bond,* 24 A.L.R.Fed. 580 § 8 (1975).

█ Even assuming that Tessman's representations were sufficient to create a contractual obligation to pay, which is doubtful under Wisconsin law,[4] the obli-

---

4. The parties clearly contemplated that an appearance bond would be executed follow-

ing the detention hearing. The order setting

gation was not triggered until the occurrence of conditions precedent, namely the execution of a bond and the violation of a condition of such bond. A "condition precedent is an act or event, other than a lapse of time, that must exist or occur before a duty of immediate performance of a promise arises." Larri J. Broomfield, *Contract Law in Wisconsin* § 11.12 (2000) (citing Restatement of Contracts § 250(a) (1932)); *see also Nixon v. Farmers Ins. Exchange,* 56 Wis.2d 1, 4, 201 N.W.2d 543 (1972); *Locke v. Bort,* 10 Wis.2d 585, 588, 103 N.W.2d 555 (1960).

█ In this case, the colloquy between the magistrate judge and Tessman describes the conditions precedent to Tessman's obligation to pay. The magistrate judge advised Tessman: "Now let me just explain to you the ramifications of that. That means that if Mr. Shah fails to appear in court or leaves the jurisdiction without permission, just flees, as it's known, his bond could be revoked. *If that happens,* that's where your promissory note comes into play. That means that the bond's revoked and the monies or the note placed to secure that bond is forfeited. The government will be asking you to collect $10,000." (R. 60, Exh. A at 5) (emphasis added) Under contract principles, execution of a bond and violation of a condition of that bond were conditions precedent to Tessman's obligation to pay. Because those conditions never occurred,

Tessman's contractual obligation (if it existed) was not triggered.

The government nevertheless argues that Tessman's oral promises to the court must be enforced. The government points to *Jackson,* 465 F.2d at 965, where the court held that an individual surety can be bound to a bond he did not sign if the intent to be bound is clear. In that case, the defendant had executed a bond, but the surety never signed it. The surety's only connection to the bond was a $1000 check he gave the defendant to make the 10% deposit required by the bond. Under the circumstances, the court found that there was no clear intent to be bound. *Id.* at 956–66. The government argues that here Tessman clearly expressed his intent to be bound.

However, the government has a more fundamental problem than whether Tessman expressed a clear intent to be bound to the bond. In this case, no bond was ever executed. In *Jackson* at least there was a bond, even if the surety failed to sign it. More importantly, in *Jackson* it was clear that the defendant violated a condition of his bond by failing to appear for his sentencing. *Id.* at 965. Here, defendant did not violate any condition of bond.

In *United States v. Noriega–Sarabia,* 116 F.3d 417, 419 (9th Cir.1997) (citing *United States v. Skipper,* 633 F.2d 1177, 1180 (5th Cir.1981)), also relied upon by

---

conditions of release ordered the execution of an appearance bond, and it is the policy of the clerk's office to "require[ ] the third-party surety to co-sign with the defendant an Appearance Bond which also contains the promise to pay in the event of the non-appearance of the defendant." (R. 60, Exh. C at ¶ 4) Thus, it appears that the parties understood that their agreement would be embodied in a formal writing. Under Wisconsin law, such "agreements to agree" are not enforceable contracts. *See Lambert Corp. v. Evans,* 575 F.2d 132, 135 (7th Cir.1978) ("Even if parties

agree, point by point, on all the terms of a contract, if they understand that the execution of a formal document shall be a prerequisite to their being bound there is no contract until the document is executed."); *see also Witt v. Realist, Inc.,* 18 Wis.2d 282, 298, 118 N.W.2d 85 (1962) (holding that an understanding to reach an agreement in the future is not enforceable); 1 Arthur Linton Corbin, *Contracts* § 30 at 97 (1963) (indicating that where parties understand that an agreement will be embodied in a formal writing neither party is bound until document is executed).

the government, the court found that technical defects in a bond would not serve to release a surety. In that case the surety signed the appearance bond but failed to sign the form entitled "Justification of Sureties" on the back of the bond. *Id.* at 420. The court nevertheless enforced the bond against the surety. *Id.* at 422.

There is more than a mere technical defect here—there is no bond. I have found no case allowing forfeiture of a bond that does not exist. Surely defendant is in violation of the order setting conditions of release, and the government may pursue all remedies attendant to that violation. *See* 18 U.S.C. §§ 3146(a) & (b) and 3148. What it may not do, however, is obtain forfeiture of a bond that was never executed by anyone and which, necessarily, has never been violated by defendant.

## II. CONCLUSION

There simply is no authority for forfeiture under these circumstances.[5] **THEREFORE, IT IS ORDERED** that the government's motion for forfeiture of bail is **DENIED.**

---

5. Because I find that I may not order forfeiture, I need not address Tessman's other arguments.