FILED
United States Court of Appeals
Tenth Circuit

September 18, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES GLEN STASER,

Defendant - Appellant.

No. 06-8065
(D. Ct. No. 05-CR-159-D)
(D. Wyo. )

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **SEYMOUR**, and **HOLMES**, Circuit Judges.

After receiving briefing in this case, this three-judge panel granted the Appellant's unopposed motion to waive oral argument. The case is therefore submitted for disposition on the briefs. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2), (G).

Defendant-Appellant Charles Staser pleaded guilty to being an unlawful user of a controlled substance in possession of firearms. Mr. Staser now appeals his sentence of fourteen months' incarceration. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) and AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

On July 13, 2005, Mr. Staser was indicted for being an unlawful user of a controlled substance in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Mr. Staser entered into a plea agreement with the Government on March 28, 2006, pleading guilty in exchange for a stipulation that the firearms charged in the indictment were possessed only for lawful sporting purposes, in which case he would qualify for a reduced offense level under § 2K2.1(b)(2) of the U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines"). In a hearing conducted the same day, as well as in subsequent proceedings, the District Court made clear its intention to hold an evidentiary hearing to determine if the firearms were used solely for hunting purposes, reminding the parties that the plea agreement was not binding on the court for sentencing purposes.

During the first phase of sentencing, Mr. Staser entered his guilty plea, and the District Court held an evidentiary hearing to determine whether to apply the sporting-purpose exception. After hearing testimony from both parties, the court took the matter under advisement. In July 2006, the court concluded that the sporting-purpose exception under § 2K2.1(b)(2) did not apply and sentenced Mr. Staser to fourteen months' imprisonment. The court noted that the sentence fell within the advisory Guidelines range of twelve to eighteen months' imprisonment and was reasonable based on the statutory sentencing factors delineated in 18 U.S.C. § 3553(a).[1]

---

[1]The Guidelines range was based on a total offense level of 12 and a criminal history category of II. The Presentence Report calculated a total offense level of 13, but

(continued...)

On appeal, Mr. Staser argues, first, that the District Court erred by refusing to apply U.S.S.G. § 2K2.1(b)(2) and, second, that the sentence imposed is unreasonable in light of the § 3553(a) factors.

## II.  DISCUSSION

A.      Application of U.S.S.G. § 2K2.1(b)(2)

A district court's interpretation of the Guidelines is reviewed de novo and its factual findings are reviewed for clear error, "giving due deference to the district court's application of the guidelines to the facts."  *United States v. Brown*, 314 F.3d 1216, 1222 (10th Cir. 2003).  We review the District Court's denial of the sporting-purpose exception for clear error.  *See United States v. Bayles*, 310 F.3d 1302, 1308 (10th Cir. 2002) ("We review the district court's factual determination that the firearm was not intended 'solely for lawful sporting purposes or collection' for clear error.").

Mr. Staser contends the District Court erred in failing to apply § 2K2.1(b)(2) to reduce his sentence.  The "sporting-purpose exception" allows for a reduction in the base offense level if the defendant can demonstrate: 1) he "possessed all ammunition and firearms solely for lawful sporting purposes or collection," and (2) he "did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition."  U.S.S.G. § 2K2.1(b)(2); *see also United States v. Sanders*, 449 F.3d 1087, 1090 (10th Cir. 2006) (stating that defendant must show both possession for sporting purposes and no unlawful

[1](...continued)
after a downward departure for assisting the authorities under U.S.S.G. § 5K1.1, the District Court reduced the total offense level to 12.

- 3 -

use).  The burden is on the defendant to establish both elements by a preponderance of the evidence.  *See United States v. Dudley*, 62 F.3d 1275, 1276 (10th Cir. 1995).  The Government concedes that Mr. Staser did not unlawfully discharge or use the firearms.  The only issue, therefore, is whether Mr. Staser established that he possessed the firearms "solely" for sporting purposes.

In determining whether firearms are possessed solely for sporting purposes, courts consider the "surrounding circumstances."  *Sanders*, 449 F.3d at 1090 (quotation omitted).  The application note to the guideline provision specifies that the "[r]elevant surrounding circumstances include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (e.g., prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law."  U.S.S.G. § 2K2.1 cmt. n.7 (2005).

Here, the evidence of the surrounding circumstances indicated that Mr. Staser did not possess the firearms solely for sporting purposes.  The court heard testimony that an informant told police Mr. Staser possessed marijuana and conducted drug transactions; the informant had described both the room in Mr. Staser's residence where he conducted these transactions, as well as the specific location of controlled substances and weapons present during the transactions.  This information was corroborated in a subsequent search of Mr. Staser's residence.  According to law enforcement, the informant also indicated that firearms were in close proximity to Mr. Staser during drug transactions and

she felt intimidated by them.[2] In addition, the court heard testimony that police found seven firearms, two of which were loaded, during the search of Mr. Staser's home. *See Dudley*, 62 F.3d at 1277 (stating that if guns are loaded it "cuts against the contention that they [are] *solely* for sporting or collection purposes"). Mr. Staser also has a criminal history involving firearms offenses.

We note, as did the District Court, that the evidence suggests Mr. Staser purchased and used the firearms *primarily* for sporting and recreation purposes. Indeed, the record reflects the fact that Mr. Staser is an avid and long-time hunter. This fact does not, however, demonstrate that his *sole* reason for possessing the guns was for sporting purposes. *See Sanders*, 449 F.3d at 1090 (holding that, although rifles were obtained and used primarily for hunting, the sentencing court could find that defendant acquired another or "new" purpose for possession). Based on the relevant surrounding circumstances—including the number of firearms, the fact that some were loaded, their close proximity to Mr. Staser during drug transactions, and Mr. Staser's criminal history—the District Court did not err in finding that Mr. Staser did not carry his burden of proving that he possessed the firearms solely for sporting purposes.

---

[2]Mr. Staser argues that the information police obtained from the informant was unreliable. As the District Court pointed out, however, the informant's statements were "largely" corroborated by the evidence obtained, and in any event, it is within the province of the factfinder to determine the reliability of evidence. *See United States v. Castorena-Jaime*, 285 F.3d 916, 925–26 (10th Cir. 2002) ("The credibility of witnesses, the weight to be given evidence, and the reasonable inferences drawn from the evidence fall within the province of the district court.").

B.      Reasonableness of Sentence

We review a district court's sentencing decision for abuse of discretion, asking whether the sentence is "reasonable" based on the factors set out in 18 U.S.C. § 3553(a). *United States v. Garcia-Lara*, — F.3d —, 2007 WL 2380991, at *1 (10th Cir. 2007).  A district court's decision may be challenged on either procedural or substantive grounds. *United States v. Mateo*, 471 F.3d 1162, 1166 (10th Cir. 2006).  A procedurally reasonable sentence is one "'reasoned,' or calculated utilizing a legitimate method," and substantive reasonableness concerns "the actual length of the sentence imposed" in light of the § 3553(a) factors.  *Id.* (quotation omitted).

Other than the District Court's refusal to apply the sporting-purpose exception to its Guidelines calculation, Mr. Staser does not challenge any procedural aspect of the decision.  Having held that the District Court did not err in denying application of § 2K2.1(b)(2), we turn now to whether the sentence is substantively reasonable.  Because Mr. Staser's sentence is properly calculated and within the range recommended by the Guidelines, it is entitled to a presumption of reasonableness on appeal.  *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006); *see also Rita v. United States*, 127 S. Ct. 2456, 2462 (2007) (holding that a court of appeals may apply a presumption of reasonableness to sentences properly calculated under the Guidelines).

Mr. Staser argues that his sentence is unreasonable because it does not reflect his nonviolent history and the fact that he is a hard worker.  *See* 18 U.S.C. § 3553(a)(1) (requiring sentencing court to consider "the history and characteristics of the defendant").

In addition, he argues that his sentence is too severe and therefore unjust, *see id.* § 3553(a)(2)(A), because his conviction will prevent him from lawfully possessing firearms and hunting game birds. According to Mr. Staser, his inability to hunt game birds is sufficient punishment for his crime. Mr. Staser does not, however, explain why these circumstances should result in a more lenient sentence than the one the Guidelines impose. *See Rita*, 127 S. Ct. at 2470 (concluding that the defendant's circumstances did not require a sentence lower than the Guidelines sentence in light of § 3553(a)). The District Court considered the § 3553(a) factors, including Mr. Staser's characteristics and the need for the sentence to provide just punishment,[3] and concluded that a within-Guidelines sentence is appropriate. Mr. Staser's fourteen-month sentence is therefore reasonable.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM Mr. Staser's sentence.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge

---

[3]In particular, the court noted Mr. Staser's long history of alcoholism and drug abuse, as well as his apparent lack of remorse.