**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 25, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

PAMELA JOYCE DEWITT,

      Defendant-Appellant.

No. 11-6057
(D.Ct. No. 5:10-CR-00192-M-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Pamela Joyce Dewitt appeals her thirty-month sentence, arguing

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

the district court erred when it determined she did not qualify for a reduction in her sentence under United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 2K2.1(b)(2), known as the "sporting purpose exception," for her possession as a felon of a firearm. We exercise our jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm Ms. Dewitt's sentence.

## I. Factual Background

On October 30, 2009, at approximately 11:00 p.m., two Oklahoma game wardens on night patrol in a rural area saw a small pickup truck with a bright spotlight shining through the driver's side window into fields and the tree line. The wardens watched the pickup travel one-half mile, with the spotlight continuing to illuminate fields and trees, before it stopped and the driver, Mr. Vaught, exited. When one of the wardens asked if he had guns, Mr. Vaught informed them the pickup contained a loaded gun. The other warden then approached the passenger, Ms. Dewitt, who remained in the vehicle, and ordered her to exit. She hesitated and refused the warden's multiple requests to show her hands, which were under a coat laid across her lap; her hands were also "fidgeting" underneath the coat. When she did attempt to leave the vehicle, the warden saw a lever-action .22 magnum caliber Winchester rifle on her lap under the coat. The rifle contained a live round of ammunition. Later, when searching the vehicle, wardens also found a Vector 1,000,000 candle-power spotlight and

-2-

thirty-five rounds of .22 WMR jacketed hollow-point ammunition.

On questioning, Ms. Dewitt used her sister's name to identify herself and failed to produce any other identification. After the wardens checked the name of Ms. Dewitt's sister and determined her record was clear, they issued Ms. Dewitt citations in her sister's name for illegal "headlighting" and hunting by aid of motorized vehicle and released her. However, the wardens arrested Mr. Vaught on discovering the Oklahoma Department of Corrections had issued a warrant for his arrest for violation of his parole and for possession of a firearm by a felon.

A few days later, on November 2, 2009, one of the game wardens received information on Ms. Dewitt's true identity, after which he verified she had outstanding warrants in Cleveland County, Oklahoma, and discovered her status as a fugitive whom the United States Marshal Service had spent numerous hours trying to find. On November 4, 2009, deputies with the United States Marshal Service found Ms. Dewitt and arrested her on the outstanding warrants.

## II. Procedural Background

Thereafter, a federal grand jury indicted Ms. Dewitt for being a felon in illegal possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After Ms. Dewitt pled guilty and the district court accepted her plea, a probation officer

prepared a presentence report, calculating her sentence under the applicable 2010 Guidelines. The probation officer set Ms. Dewitt's base offense level at 14 pursuant to U.S.S.G. § 2K2.1(a)(6)(A) for possession of a firearm by a felon. The probation officer also recommended a two-level offense reduction for acceptance of responsibility, for a total offense level of twelve. A total offense level of twelve, together with Ms. Dewitt's criminal history category of VI, resulted in a recommended advisory Guidelines range of thirty to thirty-seven months imprisonment. The probation officer also found no factors warranting a departure from the Guidelines calculations or a variance under 18 U.S.C. § 3553(a).

Ms. Dewitt filed formal objections to the presentence report, including an objection to the probation officer's failure to apply a reduction in her offense level based on the "sporting purpose exception" under U.S.S.G. § 2K2.1(b)(2). In support, she argued she did not discharge or otherwise unlawfully use a firearm or ammunition, Mr. Vaught had retrieved the hunting rifle from someone who had borrowed it and he did not intend to use it to hunt that evening, and Mr. Vaught used the spotlight only to show her raccoons along the side of the road.

At sentencing, Ms. Dewitt renewed her request for the § 2K2.1(b)(2) sporting purpose exception, testifying Mr. Vaught used the spotlight "[j]ust to show [her] the coons"; neither she nor Mr. Vaught intended to use the loaded rifle

that evening; and she was aware Mr. Vaught hunted raccoons and was a member of a "coon club" comprised of hunters, suggesting he owned the rifle for lawful hunting purposes. In response, the government offered the testimony of one of the wardens, who explained the use of a bright light and possession of a loaded firearm is prima facie evidence in Oklahoma of illegal "headlighting" and that hunting with the aid of a motorized vehicle is also illegal in Oklahoma, including hunting for raccoons from a vehicle. He also explained that even though it is lawful in Oklahoma to hunt raccoons on foot, it was not raccoon hunting season at the time they stopped Mr. Vaught and Ms. Dewitt. While the warden testified he did not hear a firearm discharge from the vehicle, he verified Ms. Dewitt had the fully-loaded rifle concealed on her lap.

After considering the evidence presented and hearing the parties' arguments, the district court found a reduction under § 2K2.1(b)(2) inapplicable to the facts presented, stating it found Ms. Dewitt had "not shown that she possessed the firearm at issue solely for lawful sporting purposes and did not otherwise unlawfully use the firearm." It then sentenced Ms. Dewitt to thirty months imprisonment.

## III. Discussion

On appeal, Ms. Dewitt presents the following issue: "Did the district court

commit legal and factual error by denying Ms. Dewitt's request for a reduction in the advisory sentencing Guideline[s] offense level calculation based on the codefendant's possession of the firearm for lawful sporting purposes?" With respect to the district court's alleged "factual error," Ms. Dewitt contends it was reasonable for her to associate the .22-caliber Winchester rifle with hunting and conclude Mr. Vaught would transport such a firearm in his vehicle for lawful hunting or sporting purposes, given his history as a hunter and his association with a hunting club. She also renews her contention Mr. Vaught used the spotlight to show her raccoons along the road and never observed him using or attempting to use the firearm for hunting that night, as bolstered by the warden's testimony he never heard a firearm discharge. She also argues she was unfamiliar with the details of Mr. Vaught's criminal history but the fact he was a felon in possession should not diminish her assertion he possessed the rifle solely for sport.

Because the facts establish Mr. Vaught possessed the firearm for lawful sporting purposes, she contends, the district court committed legal error in not applying a six-level reduction under U.S.S.G. § 2K2.1(b)(2) to her offense level, which would result in a Guidelines range of twelve to eighteen months incarceration. Relying on *United States v. Mojica*, 214 F.3d 1169 (10th Cir. 2000), she also argues "[t]he district court erred by finding [she] had to show her

possession of the firearm was for lawful sporting purposes and she did not unlawfully discharge or unlawfully use the firearm." She contends that because Mr. Vaught, the owner of the rifle, possessed it for a sporting purpose, she does not need to prove she also possessed it for a lawful sporting purpose in order to receive the reduction.

We review sentences under a reasonableness standard, which encompasses both the reasonableness of the length of the sentence as well as the method by which the sentence was calculated – the latter of which Ms. Dewitt appeals. *See United States v. Kristl*, 437 F.3d 1050, 1053-55 (10th Cir. 2006). As she asserts, a sentence is unreasonable if it is based on an improper determination of the Guidelines range. *See id.* at 1055. In determining if her Guidelines range was correctly calculated, "we review factual findings for clear error and legal determinations de novo." *United States v. Sanders*, 449 F.3d 1087, 1090 (10th Cir. 2006) (quotation marks omitted). In so doing, we give due deference to the district court's application of the Guidelines to the facts. *See United States v. Maestas*, 642 F.3d 1315, 1319 (10th Cir. 2011). "A finding of fact is clearly erroneous only if it is without factual support in the record or if the appellate court, after reviewing all of the evidence, is left with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks omitted). In addition, we will not review on appeal a district court's credibility determinations

for sentencing purposes. *See United States v. Hanson*, 534 F.3d 1315, 1319 (10th Cir. 2008).

Here, the contested Guidelines sporting purpose exception states: "If the defendant ... possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined ... to level 6." U.S.S.G. § 2K2.1(b)(2). Based on this provision, we have said a defendant must show two things for the Guideline to apply: (1) she possessed all ammunition and firearms solely for *lawful* sporting purposes or collection, *and* (2) she did not unlawfully discharge or otherwise unlawfully *use* such firearms or ammunition. *See Sanders*, 449 F.3d at 1090. These elements are conjunctive, and therefore, the burden is on the defendant to show *both* by a preponderance of the evidence. *See United States v. Dudley*, 62 F.3d 1275, 1276 (10th Cir. 1995).

In addition, commentary to § 2K2.1 provides:

Under subsection (b)(2), 'lawful sporting purposes or collection' as determined by the surrounding circumstances, provides for a reduction to an offense level of 6. Relevant surrounding circumstances include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (e.g., prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law.

-8-

U.S.S.G. § 2K2.1, cmt. n.6.

Here, the record supports the district court's determination Ms. Dewitt failed to carry her burden in showing she possessed the firearm at issue solely for a *lawful* sporting purpose. To begin, it is clear the district court considered the circumstances presented, including the fact Mr. Vaught and Ms. Dewitt were observed in a pickup late at night using a 1,000,000 candle-power spotlight out of the window to search fields and the treeline in a rural area while Ms. Dewitt held a *loaded* rifle on her lap *and* the vehicle contained thirty-five rounds of .22 WMR jacketed hollow-point ammunition. While Ms. Dewitt claims Mr. Vaught merely retrieved the gun from someone who borrowed it from him and they were not hunting at that time, she fails to explain why she held the rifle on her lap, why the rifle was loaded, and why the vehicle contained such a large number of rounds of ammunition. In addition, it is evident the district court found incredible Ms. Dewitt's testimony that they only used the spotlight to look for raccoons and credited the warden's testimony that use of a bright light and possession of a loaded firearm is considered prima facie evidence of illegal "headlighting." We will not review such credibility determinations on appeal. Because the district court's finding Ms. Dewitt and Mr. Vaught were hunting has factual support in the record, we cannot say it is clearly erroneous nor are we left with a definite and firm conviction a mistake has been made.

Having concluded the district court did not err in finding Ms. Dewitt and Mr. Vaught were hunting, we further conclude, as did the district court, that they were hunting illegally in violation of Oklahoma's prohibition against "headlighting," 29 Okla. Stat. § 5-203.1(A), and hunting by aid of motorized vehicle, 29 Okla. Stat. § 5-203.1(D), as evidenced by the citations issued to Ms. Dewitt – albeit in another name. To the extent Mr. Vaught and Ms. Dewitt were hunting for the very raccoons Ms. Dewitt claims they were looking for, they were also illegally hunting out-of-season, as explained by the warden who testified at the sentencing hearing.

Having determined Ms. Dewitt and Mr. Vaught were hunting illegally, and giving due deference to the district court's application of the Guidelines to the facts, we conclude the district court did not err in determining § 2K2.1(b)(2) did not apply for the purpose of giving Ms. Dewitt an offense-level reduction. Instead, the district court reasonably concluded such a reduction applies only when a defendant possesses ammunition and firearms solely for *lawful* sporting purposes. *See* U.S.S.G. § 2K2.1(b)(2). Given Ms. Dewitt and Mr. Vaught possessed the rifle for an *unlawful* sporting purpose at the time the wardens spotted them, not only does § 2K2.1(b)(2) not apply, but it is irrelevant under the circumstances presented whether Mr. Vaught belonged to a coon hunting club or previously possessed or used the rifle for the purpose of lawfully hunting

raccoons and other animals. Accordingly, we reject Ms. Dewitt's contention Mr. Vaught possessed the rifle at the time of his arrest for a *lawful* sporting purpose and that she does not need to prove she possessed it for a lawful sporting purpose in order to receive a reduction.

We also reject Ms. Dewitt's contention our holding in *Mojica* applies here. In that case, we assumed, as did the district court, that the defendant-felon was returning an unloaded shotgun and ammunition to their owner after use by his brother for a lawful sporting purpose. *Id.* at 1172-73. Under those circumstances, we held the constructive and benign possession of a firearm used solely for another's lawful sporting purpose may be a mitigating factor when considering a reduction and remanded the case to the district court for such consideration. *Id.* at 1173-74. Here, it is clear Ms. Dewitt possessed the loaded rifle on her lap at the time in question for the purpose of illegally hunting, and therefore, the circumstances presented are unlike those in *Mojica.*

While Ms. Dewitt claims she did not know Mr. Vaught was a felon, such a claim is also irrelevant because Ms. Dewitt herself was a felon who was prohibited from possessing a firearm except for a lawful sporting purpose. She clearly possessed the firearm when she had it on her lap, and the illegality of her activities is demonstrated, not only by the facts previously cited, but by her

compulsion to conceal the weapon and her hesitation when ordered to exit the vehicle – regardless of whether her companion, Mr. Vaught, was more forthcoming in admitting the vehicle contained a loaded gun.

Because Ms. Dewitt failed to prove by a preponderance of the evidence the first conjunctive element required for a § 2K2.1(b)(2) reduction, i.e., possession of all ammunition and firearms solely for *lawful* sporting purposes or collection, we need not consider the other conjunctive element required for application of § 2K2.1(b)(2), i.e., whether she carried her burden in showing she did not unlawfully discharge or otherwise unlawfully *use* such firearms or ammunition. *See Sanders*, 449 F.3d at 1090. For these reasons, the district court did not err in failing to apply such a reduction, and Ms. Dewitt's thirty-month sentence is not procedurally unreasonable.

IV. Conclusion

Accordingly, we **AFFIRM** Ms. Dewitt's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-12-